## VAN STADEN ET AL. v. KLINE ET AL.

1. **Partnership:** FIRM PROPERTY LIABLE FOR FIRM DEBTS: RULE APPLIED: EXTENSION OF TIME: STATUTE OF LIMITATIONS. Real estate belonging in fact to a partnership is liable for the debts of the firm, so long as they subsist, though the form and evidence thereof may be changed; and it makes no difference whether the legal title is in the firm, or in the partners as tenants in common; and neither a partner nor his personal representatives can hold such property exempt from such debts. Accordingly, where a firm borrowed money which was used for the purchase of real estate to be used, and actually used, in the business of the firm, (the title, it would seem, being taken to the partners as tenants in common,) and then mortgaged the real estate to secure the notes given for the loan, and afterwards the firm was dissolved by the withdrawal and death of one of the partners; and the surviving partner, who held the firm property for the payment of the firm debts and the settlement of the firm business, in order to secure an extension of the loan, together with his wife, executed new notes for the debt, and a new mortgage on the property to secure the new notes so given; *held* (1) that the firm debt was not paid by the new notes and mortgage, but that these were only evidence in another form of the same debt; (2) that the statute of limitations did not begin to run against the debt, as thus extended, until after the new notes so given fell due; (3) that, whether the survivor could or could not, by the new mortgage so given, bind the deceased partner's interest in the real estate, it was liable for the debt regardless of the mortgage, because it was firm property; and (4) that a decree foreclosing the mortgage as against the personal representatives of the deceased partner was in furtherance of equity, and will not be reversed upon their appeal.

*Appeal from Winneshiek District Court.*

THURSDAY, JUNE 12.

ACTION in chancery to foreclose a mortgage. There was a decree in which judgment was rendered against the mortgagors for the amount of the debt, and the mortgage was fore-

closed as to all of the defendants, some of whom appeal. The facts of the case appear in the opinion.

*Willett & Willett*, for appellants.

*Brown & Portman*, for appellees.

BECK, J.—I.  The petition alleges that in 1866 a co-partnership, styled Kline & Johnson, became indebted to plaintiffs in the sum of $7,000, for money borrowed and personal property purchased. It is shown that Kline & Johnson were engaged in the brewery business, and the money so borrowed was used by them in payment for certain real estate devoted to the prosecution of their business, being the same property covered by the mortgage sought to be foreclosed in this action. The personal property was used in the same business. In 1871 Johnson died, and Kline continued the business as a surviving partner or successor of the firm, in which he is still engaged. The real property, whereon the brewery is situated, which is the property covered by the mortgage, constituted the greater part of the assets of the firm. No part of the indebtedness to plaintiffs has been paid. The widow and heirs of Johnson are made defendants, and it is shown that the widow is the executrix of his estate. In 1877 the defendant, Kline, the surviving partner, for the purpose of extending time upon the notes given by the firm to plaintiffs, with his wife, executed the notes and mortgage which are the foundation of this action. It is alleged that defendant, Kline, is insolvent, and that there are no assets of the firm of Kline & Johnson, except the real estate covered by the mortgage, out of which plaintiff's claim can be made. Certain incumbrancers and creditors of the firm are made defendants, but no question arises in the case touching their interests. The petition prays for a foreclosure of the mortgage and for general equitable relief.

The widow and heirs of Johnson, in an answer and cross-bill, admit the co-partnership existing between Kline &

Johnson prior to June 12, 1871, and that the property covered by the mortgage was used in the prosecution of the business, but aver that it was owned by them, not as co-partners, but as tenants in common, each owning a moiety thereof. It is further shown that, on the twelfth day of June, 1871, Johnson leased to Kline his interest in the real estate and brewery property at a stipulated rent, and that thereupon Kline went into the exclusive possession of the property, and that the co-partnership was dissolved. It is alleged that no part of the rent reserved by this lease has been paid, and relief is sought against Kline in defendants' cross-bill based thereon, which was allowed by the court below in the decree. As defendant, Kline, does not appeal, nor do the other defendants, from the decree upon this cross-bill, but only from the decree in plaintiffs' favor, and thereby complain in this court only upon the ground that the judgment in their favor was not made a lien on the property, paramount to plaintiffs' mortgage, the correctness of the decree against defendant, Kline, in favor of the other defendants, need not be considered, further than to determine whether plaintiffs' mortgage is prior thereto, which will hereafter be done. The defendants claim that the action is barred by the statute of limitations. Other allegations of the pleadings of the parties (and they are numerous, running through various original pleadings and amendments thereto) need not be recited, as, in the view we take of the case, the rights of the parties are to be determined upon the issues presented in the parts of the pleadings we have recited.

It will be observed that the controlling questions of fact and law in the case involve the existence of the partnership, its ownership of the mortgaged property, the dissolution of the firm, the settlement of its affairs by Kline, the continuance of its business by Kline as a surviving partner, and the validity and effect of the mortgage in suit, executed by him. We will now proceed to the determination of these questions.

II. *First.* The evidence in our opinion quite satisfacto-

rily shows the existence of the partnership, the ownership of the mortgaged property by the firm, and that the indebtedness to plaintiff was contracted for the purchase of the property and the prosecution of the partnership business. Upon these points it can hardly be said that there is conflict of testimony.

*Second.* The evidence tends to show that, prior to his death, Johnson withdrew from the partnership, and that the business was afterwards prosecuted by Kline alone. But, if there was no dissolution of the partnership by agreement of the parties, it was surely dissolved by the death of Johnson.

*Third.* The affairs of the firm were left in the hands of Kline for settlement and for the payment of its debts. We need not, in the view we take of the case, inquire into the existence of the lease of the interest of Johnson in the brewery property by Kline, and whether, as plaintiffs claim, it was canceled upon an agreement between Kline and the executrix of Johnson's estate. Conceding the continued existence of the lease, our conclusions will not be affected thereby.

*Fourth.* The evidence, we think, shows that Kline held the property of the firm for the payment of its debts and the settlement of its affairs. We think this was known by all the parties interested in this appeal. So far as the interests and rights of the parties before the court upon this appeal are concerned, we need not inquire how Kline administered the affairs of the firm, what property he received and what debts he paid. It is shown that he did not pay plaintiffs, and that the property of the firm covered by the mortgage is all the co-partnership property now in existence.

*Fifth.* The notes and mortgage in suit were executed for the identical debts contracted by the firm, and were intended to extend the time and secure the payment thereof.

From the foregoing statement of facts we have this case: Kline, as surviving partner, and the successor to the business of the firm, held possession of the real estate in question and other property of the firm, for the purpose of

the payment of its debts. All of the firm property, except
the real estate in question, is exhausted in some way, it mat-
ters not what, and plaintiffs' claim against the co-partnership
is unpaid. Kline, thereupon, executes the mortgage in suit
to secure plaintiffs' claim. The title to the property is in
both Kline and Johnson. We are to determine whether the
debt secured by this mortgage can be enforced against the
widow and heirs of Johnson as paramount to any interest
they hold in the property.

III. The defendants, the widow and heirs of Johnson,
stand in his shoes, and possess no other or different rights
than he would hold, were he before this court resisting the
enforcement of the mortgage.

A few familiar principles of the law will direct us to the
just determination of the case.

IV. The debts of a co-partnership may be enforced
against property owned by the firm. Whether the property
be real or personal, it is subject to the debts of the firm, and
a partner cannot hold it exempt therefrom. And this is so
without regard to the rights and liabilities existing between
the partners. The possession of the property, whether it is
in the hands of one partner or the other, and without regard
to their dealings with the firm or with one another, does not
limit or affect the rights of a creditor of the firm to subject
the property to his claim.

In this action, plaintiffs, alleging and proving that they
hold a claim against the firm of Kline & Johnson, to secure
which Kline executed a mortgage upon real estate of the
firm, the title to which was in him and Johnson, pray that
the mortgage be foreclosed as against Kline and the heirs of
Johnson, and also for general equitable relief. Under the
rules of the law, the whole property is subject to their debt
as against the widow and heirs of Johnson, who can make no
resistance to plaintiffs' claim which would be forbidden to
him were he alive and party to the suit. Now, let it be
admitted, for the purposes of the case, that Kline had no

power and authority, under the law, to bind Johnson's moiety of the real estate by the mortgage, and that the mortgage, as to it, is void, yet equity will enforce the debt of plaintiffs against the interest held under the conveyance to Johnson, for the reasons that the real estate is firm property, and plaintiffs' debt is against the co-partnership, and defendant, Kline, has made an effort to devote the property to the payment of the firm debts, and must be understood as demanding it. The prayer of the petition is broad enough to cover relief based upon this ground, and the decree of the district court properly grants it, as required by the doctrines of equity and the rules of the law.

There are no creditors or others, save the widow and heirs of Johnson, objecting to the decree. It must, therefore, stand as against all the parties to the suit. The facts of this case distinguish it from *The City of Maquoketa v. Willey*, 35 Iowa, 323, wherein the contest was between one of the partners and a creditor of another partner, who had received the property through the distribution of assets, upon the dissolution of the firm. It is also distinguishable by like facts from *George et al. v. Wamsley et al.*, decided by this court this day. (See ante, p. 175.)

V. Counsel for defendants insist that the note originally executed by Kline & Johnson, for plaintiffs' debts, was paid by the note in suit, and, indeed, by a prior note and mortgage executed by Kline and the executrix of the estate of Johnson. But the positive evidence of plaintiffs and others, and certain circumstances which we need not repeat, convince us that the note and mortgage upon which this action is based was not intended, and cannot be regarded, as payment of the prior notes. The same may be said of the former note and mortgage just referred to by us.

VI. If we rightly understand counsel for defendants, they insist that the foreclosure of the mortgage in suit against Kline is the ground of defense in favor of defendants. This action, in the shape it is presented to us, (defend-

ants, the widow and heirs of Johnson, alone appearing,) involves simply their right to hold the property of the firm against its creditors.   Whatever remedies were pursued against Kline, if they stop short of the full satisfaction of the debt, cannot be the ground for holding the firm property exempt from whatever sum remains unpaid.   The law devotes all of the firm property to the payment of the partnership debts, and, though it be taken by piece meal, or by separate actions against individual members of the firm upon these debts of the co-partnership, whatever remains is liable until all the debts are paid.

VII.   The statute of limitations will not avail defendants, for the reason that, as we have shown, the debt was removed from the bar by the extension and renewal of the notes in the manner we have indicated.   The long time the debt was permitted to run, without enforced payment, is explained by the fact that plaintiff, Kline, defendant, Kline, and the widow of Johnson, are brothers and sister.   For this reason plaintiffs extended indulgence to the debtors.

VIII.   Defendants' counsel, in their argument, insist that judgment upon their cross-bill against defendant, Kline, should have been for a sum greater than was found due by the court below.   As defendants have not appealed from the decree granting them relief upon the cross-bill, serving no notice of appeal on defendant, Kline, and, as he has not appealed, we cannot review the judgment of the court against him.

The foregoing discussion disposes of the controlling questions in the case.   In our opinion, the decree of the district court ought to be

AFFIRMED.

REED, J., dissenting.