THE STATE OF IOWA v. MARK VANCE, Appellant.

**Lewdness:** INTENT: OTHER OFFENSES. On a prosecution for lewdness, where the defendant admits in open court and before the jury that if the facts charged were in fact done they were designedly done, it is error to admit evidence of other similar acts done in the presence of other parties for the purpose of showing intent.

| 119 | 685 |
| 121 | 405 |
| 121 | 586 |
| 119 | 685 |
| 127 | 77 |
| 119 | 685 |
| 128 | 721 |
| 119 | 685 |
| e139 | 408 |
| 119 | 685 |
| 144 | 562 |

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, APRIL 8, 1903.

DEFENDANT was indicted, tried, and convicted of the crime of lewdness; and from the sentence imposed appeals. —*Reversed.*

*Jaques & Jaques* and *McElroy & McElroy* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

DEEMER, J.—Defendant, a dentist, was indicted for indecent exposure of his person in the presence of a young girl, who was in his office for treatment. Several witnesses whose names were not indorsed on the back of the indictment, were examined on behalf of the state. Notice of intention to introduce this evidence was given the defendant, but the sufficiency of this notice is challenged both as to form and substance. In view of the conclusions reached, we do not deem it necessary to consider these objections. For the purpose of proving that the act was willfully and designedly done, the state was permitted to prove, over objections, that defendant at other times and to other persons made indecent exposures of his person. At the time of making his objections defendant, through his counsel, admitted in open court, and in the presence of the jury, that, if the act with which he was charged was done at all, it was designedly done; that it was not accidental, or unintentional, or through inadvertence. Notwithstanding this admission, the court permitted the evidence to be introduced, and in its instructions said, in effect, that these transactions should only be considered for the purpose of showing the intent with which the act was done, and not as establishing the truth of the indecent exposure charged in the indictment. The rule as to the admission of similar acts at other times and with other persons than those charged in the indictment is well understood. The state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for separate punishment or as aiding the proofs that he is guilty of the crime charged. The

exceptions to the rule may be classified as follows: Evidence as to other offer ses is competent to establish (1) motive, ( 2) intent, (3) absence of mistake or accident, (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, and (5) the identity of the person charged with the commission of the crime on trial. These exceptions are illustrated and applied in the following among other cases: *State v. Walters,* 45 Iowa, 389; *State v. Jamison,* 74 Iowa, 613; *State v. Desmond,* 109 Iowa, 72; *State v. Brady,* 100 Iowa, 195; *State v. Lewis,* 96 Iowa, 286; *Staden v. Kline,* 64 Iowa, 183; *State v. Saunders,* 68 Iowa, 370.

Neither motive, intent, common scheme, nor identity of person is involved in this case, and the evidence, if admissible at all, must have been received on the theory that it tended to negative mistake or accident. For this purpose evidence of like character was held admissible in a case where a defendant was charged with a similar offense. See *State v. Stice,* 88 Iowa, 27. We may well imagine a case where such evidence would be admissible —as, for example, where a defendant was charged with an indecent exposure in a public place, a partially protected retreat, or even in a dentist's office. But the charge was such in the instant case that there was no room for mistake, accident, or inadvertence. Moreover, the defendant, by his own admission, removed this element from the case, and we are constrained to hold that the evidence was erroneously admitted, and was prejudicial in character.

II.   The court, in its instructions, undertook to state the facts as claimed by the state, and as testified to by the defendant; and told the jury to carefully consider these different claims and if, on the whole case, they entertained a reasonable doubt of defendant's guilt, they should acquit. This form of instruction is not to be com-

mended, for the jury may often get a false notion from
such a charge as to the real issue it is to try.   Moreover,
in this case there were some facts assumed in that part of
the charge relating to defendant's claims which were not
in accord with his evidence.   This illustrates the danger
in such form of charge.   While we should not reverse the
case on this ground alone, attention is called to the mat-
ter in order that it may be avoided on a retrial.

For the error pointed out, the judgment is REVERSED,
and a retrial ordered.