STATE OF IOWA, Appellant, v. GUY PATTON, Appellee.

NOVEMBER 20, 1928.

*John Fletcher,* Attorney-general, and *Earle S. Smith,* County Attorney, for appellant.

*Bert B. Welty,* for appellee.

KINDIG, J.—It is claimed by the State that, on or about the 6th day of February, 1927, the defendant, appellee, stole from a drug store in Nevada a can containing one gallon of alcohol.

 Appellee introduced evidence of his own intoxication, in order to defeat the State's accusation. An instruction given to the jury by the district court, at the appellee's request, was as follows:

"It is the law of this state that, before one can be convicted of a crime, the State must prove that there was a criminal intent: that is, that the defendant intended to commit the offense. Now in this case, if you find from the evidence that, at the time the State claims that the gallon of alcohol was taken from the drug store, at the time alleged, the defendant, Guy Patton [appellee], was intoxicated, and if that be your finding, then the defendant was incapable of forming a criminal intent, and your verdict should be for the defendant."

I. That part of the charge relating to intoxication as a defense constitutes the basis for the State's complaint. This portion of the instruction is alleged by the State to be error, because intoxication alone does not necessarily amount to an excuse for the commission of a crime or misdemeanor, but becomes so only when the mental incapacity produced thereby is such as to make the victim incapable of forming a criminal intent. At this juncture, we are constrained to hold that the trial court's statement to the jury was erroneous.

Mental disability arising from the use of intoxicants is a matter of degree. Partial drunkenness does not make impossible the formation of said criminal object. Therefore, the "intoxication" or "drunkenness" must be to the extent that the designing or framing of such purpose is impossible. *State v. Bell,* 29 Iowa 316; *State v. Donovan,* 61 Iowa 369; *State v. Yates,* 132 Iowa 475; *State v. Harrison,* 167 Iowa 334; *State v. Crietello,* 197 Iowa 772; *State v. Sparegrove,* 134 Iowa 599.

II. Throughout the trial, the burden of proof is upon the State to show the defendant guilty beyond a reasonable doubt. But when the defendant seeks to avoid responsibility for his act because of his intoxication, the burden is upon him to show, not that he was innocent, but that he was so affected thereby as to be unable to form a "criminal intent." *State v. Harrison,* supra; *State v. Yates,* supra; *State v. Crietello,* supra; *State v. Walker,* 200 Iowa 341,

In *State v. Crietello*, supra, we said:

"The burden was on the defendant to show that he was so far intoxicated at the time of the commission of the crime as to be incapable of forming a specific intent."

To the same effect is the following language in *State v. Yates*, supra:

"Intoxication, like insanity, is an affirmative defense. In effect, it confesses and seeks to avoid. In such cases the defendant takes the burden, not of proving his innocence of the crime charged, but of making proof of the special matter relied on by him which, if established, would operate to defeat the prosecution."

Wherefore, the judgment of the district court must be, and hereby is, reversed; but, this being a criminal case, the defendant is in no way affected hereby.—*Reversed*.

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.