STATE OF IOWA, appellee, v. FLOYD PETER LINZMEYER, appellant.

No. 48958.

(Reported in 79 N.W.2d 206)

32

NOVEMBER 13, 1956.

James Lawyer and Robert D. Ray, both of Des Moines, for appellant.

Dayton Countryman, Attorney General, Dudley C. Lowry, Assistant Attorney General, and Leo Tapscott, County Attorney, all of Des Moines, for appellee.

PETERSON, J.—About 1:45 a.m. on August 7, 1955, Ann Hammer living at 3110 University Avenue, Des Moines, telephoned the police she heard an unusual noise across the street. Three police officers responded and on investigation they found the defendant standing inside the store of Thode Hardware & Sporting Goods Store, which is located at No. 3015 University Avenue. Upon arrival of the police, Linzmeyer put his hands up against the window and said "I give up." The noise had been caused by defendant breaking the handle and latch on the inside of the front door with a hammer. Defendant had entered the store through the breaking of a window next to a driveway running on the west side of the building. Fifteen shotguns, valued at $2000, had been taken from their racks, and stacked by the front door. Linzmeyer was placed under arrest and taken to the police station where he was questioned by two other police officers. He admitted he had stolen a car, which was found in the driveway. Various articles were found in the car, such as typewriter, camera, butcher knife, adding machine, car air conditioner, Florida license plate, a checkbook and stubs carrying name of Jack Nutt Rental Service, and other miscellaneous items. None of these articles had been taken from the Thode store. He was indicted by the Grand Jury for breaking and entering as defined in section 708.8, Code of Iowa 1954. He pleaded not guilty. Upon trial to a jury he was convicted and the trial court sentenced him to ten years in the State Penitentiary at Fort Madison. He has appealed.

Appellant alleges two errors in connection with trial of the case: 1. The court did not properly instruct the jury as to question of intoxication, nor as to proof required on the part of defendant in connection with such plea. 2. The court erred in admitting testimony concerning the personal property articles found by the police in the car defendant had stolen, in view of absence of proof that the articles were stolen from the Thode store.

■ I. Appellee contends at length appellant failed to preserve his record as to alleged Error No. 1, in that he failed to request an instruction as to his theory concerning intoxication, and failed to take timely exception to Instruction No. 8. The question was raised in motion for new trial, and this was sufficient. Section 787.3(7), Code of 1954; State v. Holder, 237 Iowa 72, 20 N.W.2d 909; State v. Hartung, 239 Iowa 414, 424, 30 N.W.2d 491, 497; State v. Ryerson, 247 Iowa 385, 73 N.W.2d 757. In State v. Hartung, supra, we said: "Neither did it require him to consent to the instructions as written. He still had the right, in motion for new trial, to urge exceptions to the instructions."

■■ II. As to alleged Error No. 1 appellant had no defense to the charge against him. He pleaded intoxication. Intoxication is not a denial of guilt. It is an excuse. The basis is lack of ability to form an intent. Consequently, simply being intoxicated is not sufficient. Defendant has the burden of proof of showing the intoxication was so complete that he was unable to form a criminal intent. State v. Yates, 132 Iowa 475, 109 N.W. 1005; State v. Harrison, 167 Iowa 334, 149 N.W. 452; State v. Crietello, 197 Iowa 772, 197 N.W. 902; State v. Patton, 206 Iowa 1347, 221 N.W. 952; State v. Johnson, 211 Iowa 874, 234 N.W. 263. On the question of fact as to intoxication, five police officers testified defendant was not intoxicated. Three of them had opportunity to observe his actions, conversation and walking at the time of arrest, and the other two talked to him afterwards at the station. Defendant offered the evidence of his former wife who saw him at six o'clock. She said he had been drinking. He also offered the evidence of three other witnesses who saw him about midnight, and who testified respectively he was: "pretty drunk," "pretty well intoxicated" and "intoxicated." The question, therefore, became a question of fact for the jury and was decided in favor of the State.

■ The specific error urged by appellant is the court failed to say in the instruction the burden of proof as to intoxication rested on defendant. He contends the jury might assume defendant was obligated to prove intoxication beyond a reasonable doubt. We do not agree with this contention. The court did not specifically mention the burden of proof. It would have

been proper for the court to do so, but the general tenor of the instruction is eminently fair and not prejudicial to defendant. In substance the court instructed that intoxication in and of itself is not a defense, but is a circumstance to be considered by the jury, together with all other evidence in the case, as to whether or not defendant at the time of the commission of the crime had sufficient mental capacity to entertain intent. He further states that if the jury found defendant was so completely under the influence of intoxicating liquor that he was incapable of knowing right from wrong, or could not entertain a specific criminal intent, they would not be justified in finding him guilty. However, if he was intoxicated but had sufficient control of his mental faculties to know right from wrong and entertain a specific criminal intent, his intoxication would be no defense, and the matter should be given no further consideration or weight.

The rules with reference to intoxication and its weight in criminal cases were clearly expressed in State v. Patton, supra, at page 1348 of 206 Iowa: "* * * intoxication alone does not necessarily amount to an excuse for the commission of a crime or misdemeanor, but becomes so only when the mental incapacity produced thereby is such as to make the victim incapable of forming a criminal intent. * * * Mental disability arising from the use of intoxicants is a matter of degree. Partial drunkenness does not make impossible the formation of said criminal object. Therefore, the 'intoxication' or 'drunkenness' must be to the extent that the designing or framing of such purpose is impossible. * * * Throughout the trial, the burden of proof is upon the State to show the defendant guilty beyond a reasonable doubt. But when the defendant seeks to avoid responsibility for his act because of his intoxication, the burden is upon him to show, not that he was innocent, but that he was so affected thereby as to be unable to form a 'criminal intent.'"

In case of State v. Johnson, supra, we said at pages 881, 882 of 211 Iowa, page 267 of 234 N.W.: "The defendant was not intoxicated at 3 o'clock in the afternoon, nor was he much later in the evening, if at all. Instructions requested by the defendant as to the effect of intoxication as a defense were properly refused. Each paragraph thereof gave too great em-

phasis to the ability of the defendant to know or determine right from wrong. Partial drunkenness does not make impossible the formation of a criminal intent. To operate as a defense, the intoxication must be so great that the defendant is unable to form a specific intent. State v. Patton [supra] and cases there cited. The instructions given by the court, of which the defendant complains, in effect so advised the jury. The defense of drunkenness is available to the defendant only when the degree of intoxication is so great as to deprive him of the power to form a specific intent."

III. Defendant urges as error the failure of the court to sustain objections to the evidence of the officers concerning the finding of eight or ten miscellaneous articles of merchandise in the stolen car which defendant had driven into the driveway alongside the Thode store. The articles were not brought into court and marked as exhibits. The only reference to them was in the testimony of the witnesses. The question of offering evidence as to related matters in criminal cases has been before this court many times. In the case at bar the position of appellant is that since the goods found in the car were not taken from the Thode store it was prejudicial to defendant for the officers to testify concerning same. Counsel for appellant argues the inference is that the items found in the car were stolen by defendant, and such inference had an adverse influence on the jury. Completely aside from the question of admissibility of this evidence remains the fact defendant was so obviously guilty of the charge against him, that this evidence could have very little bearing on the question of his guilt. He was caught at two o'clock in the morning in the Thode store with a window in the alleyway broken out. It would be impossible to imagine a more complete illustration of "breaking and entering."

██ The general rule is the State cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for separate punishment or as aiding the proofs that he is guilty of the crime charged. There are exceptions to this rule, which are clearly stated in State v. Vance, 119 Iowa 685, 94 N.W. 204. We have held that evidence as to other offenses is competent to establish (1) motive (2) intent (3) absence of mistake or accident (4) a common scheme embracing

two or more crimes (5) identity of the person charged with the crime. This position is supported in cases of State v. Brady, 100 Iowa 191, 69 N.W. 290, 36 L.R.A. 693, 62 Am. St. Rep. 560; State v. Desmond, 109 Iowa 72, 80 N.W. 214; State v. Johnson, supra; State v. Stennett, 220 Iowa 388, 260 N.W. 732; State v. Williams, 245 Iowa 494, 62 N.W.2d 742; State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76; State v. Gates, 246 Iowa 344, 67 N.W. 2d 579. The discovery of the personal property in the car of defendant had some bearing on establishing his motive in entering the Thode store and was also evidence of a common scheme as to crimes. He had piled up 15 guns near the door and if he had not been stopped by the police these guns would quickly have been added to the other miscellaneous personal property in the car.

In State v. Rand, 238 Iowa 250, 264, 265, 25 N.W.2d 800, 808, 170 A.L.R. 289, the question of admissibility of evidence of this type was carefully analyzed: "It is thus seen that the admissibility of such testimony is all a matter of relevance. The test of admissibility is the connection and relevance of the facts proved with the offense charged: whether it fairly tends to prove that particular offense or an essential element thereof. [Cases cited.] As said in People v. Wood, N.Y., 3 Parker Crim. Rep. 681, 684: 'The proper inquiry, when the circumstance is offered, is, Does it fairly tend to raise an inference in favor of the existence of the fact proposed to be proved? If it does, it is admissible, whether such fact or circumstance be innocent or criminal in its character.' "

State v. Kappen, 191 Iowa 19, 26, 180 N.W. 307, 310, was a case in which defendant was charged with possession of burglar's tools. The State offered testimony concerning the finding in defendant's house of a large number of grips, 15 guns, pillows and other items. The articles were exhibited in court. The court sustained objection to the admission of the testimony. In the opinion by Justice Evans he stated: "The alleged burglarious intent of the defendant might have been established by circumstances, and a wide range was open to the State for that purpose. It was open to the State to prove that the defendant had been guilty of recent burglaries. In proof of such burglaries, it had a right to show that the articles produced in court had been

found in his possession, and that they were the fruits of recent burglaries. The State offered 'to show by the articles here in the courtroom that the defendant has been guilty of a great many different crimes of burglary.' If, by the aid of such evidence, it were proved that the defendant had been guilty of recent burglaries, there could be no question of the sufficiency of the evidence to justify a conviction."

In the recent case of State v. Williams, supra, we stated at page 504 of 245 Iowa, page 747 of 62 N.W.2d: "It is the general rule that the State cannot prove against a defendant any crime not alleged in the indictment. Exceptions to the rule, frequently recognized, are that such evidence is proper to show intent, motive, absence of mistake or accident, common scheme and identity of person. State v. Vance, 119 Iowa 685, 94 N.W. 204; State v. Snyder, 244 Iowa 1244, 59 N.W.2d 223, and citations."

In another recent case of State v. Meeks, supra, we said at page 1243 of 245 Iowa, page 82 of 65 N.W.2d: "The test of admissibility of evidence is whether it has a legitimate bearing upon any point in issue, and should not be excluded because it shows or tends to show the commission of another crime." (Cases cited.)

We hold it was proper for the court to admit this testimony. In any event its admission was not so prejudicial to defendant as to justify reversal.

IV. Counsel for appellant urges another rather indefinite and repetitious alleged error which needs no extensive consideration. At the close of the State's evidence defendant filed a motion for mistrial based altogether on the admission of the testimony concerning the articles found in defendant's car. This motion was renewed at the close of all testimony. It was overruled by the court. Since the question has already been considered by us under Division III, it merits no further consideration.

The motion for new trial was based wholly on the two alleged errors we have heretofore considered. The ruling of the court in overruling the motion is hereby affirmed.—Affirmed.

All JUSTICES concur.