STATE OF IOWA, appellee, v. JOHN HATRIDGE, appellant.

No. 50220.

(Reported in 109 N.W.2d 705)

JUNE 13, 1961.

Fred Louis, Jr., of Harlan, and William H. Welch, of Logan, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Grant McMartin, County Attorney, Shelby County, of Harlan, for appellee.

HAYS, J.—Defendant was convicted of false pretenses in violation of section 713.1, Code, 1958, and sentenced to not more than seven years in the state penitentiary. He has appealed.

Section 713.1, so far as material here, provides: False pretenses. "If any person designedly and by false pretense * * * and with intent to defraud * * * obtain the signature of any person to any written instrument, the false making of which would be punished as a forgery, he shall be imprisoned * * *."

The indictment under which the conviction was had, charges "that John Hatridge * * * did knowingly, designedly, feloniously and by false pretense, and with intent to defraud, obtain the signature of Hugo Boeck to an instrument in writing purporting to be a painting agreement * * * in violation of the statutes * * *."

Witnesses appearing for the State are all farm owners living in the same neighborhood in Shelby County, Iowa, and the incidents testified to by them took place during the months of September and October 1959. Appellant is a resident of Omaha, Nebraska, is a painting contractor, and engaged in spray-painting farm buildings.

Hugo Boeck testified appellant orally agreed to paint his farm home for $200. When this work was about finished, it was orally agreed that he would paint the remaining buildings for an additional $500. These figures are exclusive of the paint which was furnished by Boeck. When the work was about finished, appellant handed him a paper to sign and, in response to a question as to what it was, stated he "had to keep track of the buildings, and that was the way he kept track of them." Boeck states he did not read the paper but did observe a figure "5" thereon; that no buildings were listed thereon so far as he observed; that in reliance upon appellant's statement he signed it; that appellant did not then sign it or give him a copy. After the work was finished and $650 had been paid on the $700 account, appellant demanded a balance due of $4471 based upon figures appearing on the paper Boeck had signed, which proved to be a painting agreement.

In addition to above witness Boeck, the State called witnesses Galen Barrett, Mildred Best and Ernest Plagman. Barrett states he employed appellant to paint his farm buildings, the cost to be 10¢ per square foot, the approximate cost to

be $1160 exclusive of the cost of the paint. Appellant asked him to sign a paper "so his insurance would be good for his men while working on my buildings." There were no figures or numbers on the paper when he signed it. Based upon figures now appearing on this paper, which was in fact a painting agreement, and allowing credit for $1000 paid, a balance of $2028.78 is claimed under this agreement.

Witness Best states she signed an agreement with appellant for a paint job at 7¢ per square foot for the house and 5¢ per square foot for the other buildings. She paid for the paint the sum of $3156.28. She has been billed under this agreement for $17,237.50, less credit of $7500 paid, based upon 17¢ and 15¢ per square foot which now appears thereon.

Witness Plagman states he signed an agreement with appellant to paint a barn for $225 and $50 to paint the crib, he to furnish the paint. It is claimed there is a balance due, after a payment of $250, based upon altered figures in the agreement he signed.

Appellant, in some respects corroborated by another witness, testified that each agreement was complete when signed by both parties and a copy was delivered to the landowner at the time; that the present figures thereon were there when it was signed.

I.  Error is assigned in that the record fails to show the existence of the crime charged, but rather a crime, if any there was, of alteration of a written instrument.

State v. La Vere, 194 Iowa 1373, 191 N.W. 93, 95, involves the same type of crime as is charged in the instant case. At page 1377, of 194 Iowa, we said "the material allegations of the charge are: (1) the design; (2) the false pretense; (3) the intent to defraud; (4) the obtaining of the signature; (5) the character of the written instrument as one the false making of which would be punishable as forgery."

It may be stated as a matter of law that a contract is an instrument the false making of which is a forgery. It is also admitted by all parties that Boeck's signature was obtained on the paper purporting to be a paint agreement.

In State v. Comes, 245 Iowa 485, 488, 62 N.W.2d 753, 755, it is stated, "The pretense must be not only false but

also a representation as to a material existing fact or past event." In State v. Joaquin, 43 Iowa 131, 132, it is said: "A pretense is 'the holding out or offering to others something false or feigned.' * * * Without a representation which is false there can be no pretense." Under this record the jury could find, as it evidently did, that the agreement to paint which was signed by Boeck, was so signed upon appellant's statement to the effect that the paper was merely a memorandum of the various buildings painted. This was a misrepresentation of an existing fact, if Boeck is to be believed and in the light of appellant's statement that the paper signed was a painting contract. We think the record sustains the charging of the crime of false pretense.

II. Error is also alleged in the reception of testimony by witnesses Best, Plagman, Barrett and Boeck concerning the alterations in the signed painting agreements. This assigned error is closely connected with error No. I, and the over-all result is that the appellant's chief complaint is not as to the crime charged but rather to the proof offered to prove the alleged crime.

It is perhaps true that testimony offered by the State tends to show appellant to be guilty of a crime other than that charged in the indictment, but this fact does not necessarily make it error to admit the same. As an exception to the general rule, which is as contended for by appellant, there is the rule that where the prosecution contends the existence of scheme or system of fraud, evidence of other instances of the same kind is proper in order to negative the suggestion of mistake or in order to show the existence of a planned course of fraud. 22 Am. Jur., False Pretenses, section 109; State v. Huckins, 212 Iowa 283, 234 N.W. 554; State v. Cotton, 240 Iowa 609, 33 N.W.2d 880; State v. Linzmeyer, 248 Iowa 31, 79 N.W.2d 206; 20 Am. Jur., Evidence, sections 310–318; 22A C. J. S., Criminal Law, sections 683–691.

As before stated, it is the State's theory that it was appellant's purpose to obtain the signature of individual landowners to a painting contract, either by presenting a blank paper or a contract containing figures agreeable to the landowner, and then by altering such figures hold the signer to a greater sum

than originally discussed. The testimony offered by the State, if believed, establishes a design and an intent to defraud and would sustain a conviction of the crime charged. We find no error under assigned errors Nos. I and II.

III. Error is also assigned in that the sentence imposed was excessive and constitutes cruel and inhuman treatment. The sentence imposed was not more than seven years in the State Penitentiary. Section 713.1 provides "* * *, he shall be imprisoned in the penitentiary not more than seven years, or be fined not exceeding five hundred dollars, or be imprisoned in the county jail not exceeding one year, or * * * by both such fine and imprisonment."

While the penalty imposed was the maximum authorized under the statute, it was so authorized. The jury by its verdict of guilty must have found appellant to be operating under a carefully designed plan to defraud various parties for whom he did painting, by presenting them with a signed contract bearing cost figures totally at variance with the original agreement. True, each witness stated the work was done satisfactorily, and none has, as yet, been forced to pay in excess of his admitted liability, the record shows they are forced into expensive litigation or lose their farms because of appellant's fraudulent scheme and conduct. We are not inclined to interfere with the express judgment of the trial court.

IV. While other errors are assigned dealing with the court's instructions and with the County Attorney's argument, we have examined the meager record before us and find no error in regard to such matters.

The judgment of the trial court is affirmed.—Affirmed.

All Justices concur.