**STATE of Iowa, Appellee,**

v.

**Harry SCHAFFER, Appellant.**

**No. 54129.**

Supreme Court of Iowa.

Dec. 15, 1970.

Frank A. Comito, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., Ray Fenton, County Atty., Des Moines, for appellee.

MASON, Justice.

Defendant Harry Schaffer and two other men were indicted for robbery with aggravation contrary to sections 711.1 and 711.2, Code, 1966. Counsel was appointed for defendant and a plea of not guilty entered. He was separately tried by a Polk county jury which returned a verdict of guilty. Motion for new trial was overruled and defendant was sentenced to imprisonment in the men's reformatory for a term of 25 years.

He appeals from this judgment. The one error relied on for reversal is based on defendant's contention his constitutional rights were violated by the admission in evidence of testimony relating to an out-of-court and an in-court identification by the victims of the robbery. This contention was raised in pretrial motion to suppress, renewed on the morning of the trial after the jury was selected but before the State proceeded with its evidence, again during the course of the trial, in a motion for mistrial at the close of the State's evidence which was again renewed at the close of all evidence and in defendant's motion for new trial. In each instance the motion was overruled.

The Hotel Kirkwood in Des Moines was robbed by two men in the early morning hours of September 18, 1969. After entering the hotel lobby and having some conversation with the night manager, one

drew a gun and ordered the manager to turn over the money from the cash drawer at the registration desk while the other man gathered it up. While the robbery was in progress, another hotel employee appeared on the scene. He was also covered by the gun. After taking about $200, the two men started for the door. As they did, defendant fired a shot in the direction of the two hotel employees, the bullet entering the base of the desk.

After the robbers left the police were notified.

Approximately one-half hour after the robbery defendant and two companions were arrested by Des Moines police officers in the vicinity of Pennsylvania Avenue and the freeway. He was handcuffed, placed in one of the patrol cars and immediately returned to the hotel.

The two hotel employees were asked one at a time to come to the squad car parked near the hotel entrance to observe a person in the car. After the two employees identified defendant as one of the robbers and one employee identified the revolver seized by the police at the scene of arrest, defendant was taken to the police station and booked.

At trial the hotel manager related the events of the holdup, told of his identification of defendant in the squad car and repeated his identification as a State's witness. He testified his in-court identification of defendant was on the basis of observation made at the time of the robbery, a position he maintained during the course of examination.

The other hotel employee also testified as to the events of the holdup and the out-of-court identification of defendant, again identified him as one of the robbers and identified the gun.

Several police officers as State's witnesses detailed their participation in defendant's arrest, seizure of the revolver and the events surrounding the identification of defendant by the hotel employees.

Two of these officers interviewed the hotel employees immediately after the robbery and were present when defendant was identified while sitting handcuffed in the patrol car at the hotel entrance.

Defendant's counsel meticulously protected his record as to the contention urged as the State made inquiry of its witnesses bearing on defendant's identification.

I. Defendant maintains in support of his assignment of error his right to counsel was denied at a critical stage in the criminal proceeding when he was identified by the hotel employees as one of the robbers as was his right to be confronted in an atmosphere and under circumstances free from suggestibility. In other words, rights guaranteed by Amendments 5 and 6 to the federal constitution were denied. Defendant also insists that regardless of whether there was an independent origin for the in-court identification, the fact he was not represented by counsel at the out-of-court identification is in violation of Amendment 6 as applied to the states through Amendment 14.

We are not prepared to say that the pronouncements made in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 apply only to postindictment identification. But this is a long way from saying that the protection of Amendment 6 attaches as soon as suspicion is aroused. This is not to say that the arrest and confinement of a suspect may never mark the moment when Wade and Gilbert come into play.

The present case, however, involves an immediate on-the-scene confrontation at 5:30 in the morning, approximately half an hour after the robbery.

A similar contention of violation of constitutional rights is rejected in State v. Smith, 182 N.W.2d 409 (Iowa, filed De-

cember 15, 1970).  Defendant's assignment of error cannot be sustained for the reasons stated in that opinion.  It governs our decision here.

The case is

Affirmed.

All Justices concur.