George **WILLIAMSON**, Appellant,

v.

**STATE of Iowa, Appellee.**

No. 55323.

Supreme Court of Iowa.

Oct. 18, 1972.

John D. Cray, of Cray, Walter, Cray & Loeschen, Burlington, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and Steven S. Hoth, Asst. Des Moines County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from denial of relief in a postconviction hearing. The sole issue is whether petitioner was deprived of due process of law in a pretrial identification by the victim of a robbery of which petitioner was later convicted. We affirm.

The record discloses Arthur Loftus went to the Trivera Tavern in Burlington shortly after 10:00 p. m. November 8, 1969. It was payday and he was looking for female companionship. He remained there about half an hour, drinking beer, watching the people and visiting with an acquaintance he met there named Jimmy Brown. He observed a black man working on a fuse box in the rear of the bar. Loftus engaged him in coversation and the man agreed to "find him a woman." As they

left the tavern the man directed Loftus to follow him and soon proceeded down a dark alley. There the man turned on him, knocked him down and stole his wallet containing about $100. Loftus went back to the tavern to get the man's name. He described him as the man who had worked on the lights and by his attire. Jimmy Brown knew the man and said his name was George Williamson, Jr.

Loftus went immediately to the police station, arriving there about 11:00 p. m., and reported he had been robbed by George Williamson, Jr. An officer showed him photographs of George Williamson, Jr. and his two brothers without disclosing their identity, and Loftus selected petitioner's picture as that of his assailant. Loftus went home and two officers went to arrest George Williamson, Jr. Two or three hours later, petitioner had been arrested and Loftus was called back to the station. As soon as Loftus entered the station he spotted petitioner who was seated across a counter from an officer and, before anything else was said, asked him what he had done with his billfold. Petitioner denied he had ever seen Loftus before. Loftus said he was the man who robbed him. The officer showed Loftus additional photographs, but he insisted petitioner was the man who stole his billfold. He also made an in-court identification.

■ I. *Right to counsel.* Petitioner's counsel conceded in oral argument petitioner's claim the confrontation without assistance of a lawyer violated his right to counsel under Amendments 6 and 14, United States Constitution, has been answered adversely to his contention in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972). In Kirby the United States Supreme Court held the right to counsel does not apply to identification procedures before indictment or formal charge. See also State v. Jackson, 199 N.W.2d 102, 103 (Iowa 1972). Accordingly the Wade-Gilbert *per se* exclusionary rule is unavailable

to petitioner. Cf. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U. S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

■ II. *The one-man showup.* Petitioner nevertheless claims his right to due process of law under Amendments 5 and 14, United States Constitution, was breached because the pretrial confrontation with Loftus was "unnecessarily suggestive and conducive to irreparable mistaken identification." He relies principally upon the fact petitioner was the only black man in the police station when Loftus arrived other than a uniformed black officer and contends this circumstance would prevent fair identification. We do not agree. "The rule is now well established that each case must be considered on its own facts and that convictions based on eyewitness identification at trial following a pretrial identification will be set aside only if the pretrial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." State v. Essary, 176 N.W.2d 854, 855 (Iowa 1970). In applying the rule to this case we find no violation of due process.

The confrontation occurred soon after the offense while the victim's memory was fresh. The identification was spontaneous. Rather than attempt to suggest petitioner committed the crime the police tested Loftus with photographs of others and he did not waver. "[A]n early identification procedure, if properly carried out, serves just as well to free a suspect from unjust suspicion as it does to fasten the accusation of guilt upon him." State v. Wisniewski, 171 N.W.2d 882, 885 (Iowa 1969). See also State v. Schaffer, 182 N.W.2d 413 (Iowa 1970); State v. Smith, 182 N.W.2d 409 (Iowa 1970), and citations. The identification procedure used here was not improper.

Affirmed.