STATE of Iowa, Appellee,

v.

Darrell Lincoln WATTS, Appellant.

No. 58465.

Supreme Court of Iowa.

July 30, 1976.

D. M. Statton, Boone, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Wallace L. Taylor, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant appeals from conviction and sentence for robbery with aggravation and subsequent sentence as an habitual criminal.

Defendant-appellant asserts the trial court erred in: (1) overruling his motion to dismiss based on denial of speedy trial; (2) holding he had not been placed in double jeopardy; (3) instructing the jury the burden of proof was on defendant to prove alleged insanity; (4) confusing the jury in another instruction by placing the burden of proof of insanity upon the State; (5) allowing a state agent to testify concerning a shell casing found at the scene of the robbery; (6) failing to allow defendant to testify about his previous problems with alcoholism; (7) allowing the in-court identification of defendant by the robbery victim; (8) failing to instruct on the issue of defendant's intoxication and (9) not complying with *State v. Sisco*, Iowa, 169 N.W.2d 542 standards in the habitual criminal proceedings.

Before considering each assignment in the order above enumerated we note appeal counsel has attempted to follow the rules of civil procedure in presenting this criminal case appeal. A very sketchy "appendix" has been filed rather than an abstract of record as required by Court Rules 15.2 and 18. We have resultantly been required to read and study the entire trial transcript, the sentencing procedure transcript and the voluminous clerk's transcript.

The facts will be set out as they relate to the respective questions presented.

I. On January 14, 1975 defendant was charged by county attorney's information with robbery with aggravation in violation of Code section 711.2. It alleged defendant on December 14, 1974 with force and violence and armed with a dangerous weapon, did steal and take from L. Dale Jorgensen, $16, in the City of Boone, Boone County, Iowa. Defendant pled not guilty on January 20, 1975. Defendant on February 6 filed an application for a private psychiatric evaluation. The application was granted February 13. On February 18 a written waiver of speedy trial rights was filed. It was signed by defendant and his attorney. Defendant argues here the waiver was involuntary. The psychiatric examination

was made February 27 by Dr. W. N. Shelton and on March 18 defendant gave notice of insanity defense.

On March 20 defendant filed a motion to dismiss on the ground he had been denied a speedy trial within the requirements of Code section 795.2. Hearing on defendant's motion was held March 24. Search of the record fails to disclose defense counsel ever obtained a ruling on the motion to dismiss. Jury trial commenced April 1, 1975, 77 days after filing of the information.

■ Failure of defendant to request a ruling on his motion to dismiss prior to trial leaves nothing for this court to review regarding his assertion of denial of speedy trial. Assuming arguendo lack of ruling was not chargeable to defendant he was still not prejudiced in this instance. It is undisputed that the delay of scheduled trial was due to the psychiatric evaluation granted at his request. Since the delay was therefore substantially attributable to defendant, "good cause" existed for the short delay. See *State v. Donnell*, Iowa, 239 N.W.2d 575, 578, 579; *State v. Collins*, Iowa, 236 N.W.2d 376, 377. It is thus unnecessary to decide defendant's contention the February 18, written waiver of speedy trial was involuntary.

II. Defendant contends trial court violated his right against double jeopardy granted by the Fifth Amendment, Constitution of the United States by swearing in a second jury after the trial court held the parties had not been allowed the statutory number of peremptory challenges at the drawing of the first jury.

On March 25, 1975 a jury was selected and sworn although there was some confusion over the number of peremptory challenges allowable. Trial court allowed only three. During the recess which followed the jury selection, Code section 779.11 was checked and found to allow four peremptory challenges. Defense counsel refused to waive the statutory provision. Trial court released the first jury and ordered another jury be drawn two days later. On trial to the second selected jury defendant was found guilty as charged.

■ Jeopardy attaches when a jury panel is sworn. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265, 274; *State v. Gowins*, Iowa, 211 N.W.2d 302, 304 and citations. However this alone does not resolve the double jeopardy question here presented where the trial court, in effect, promptly and by "manifest necessity" declared a mistrial rather than waiting to do so after a verdict. Declaration of a mistrial prior to a verdict does not in itself bar retrial as the trial court has considerable discretion in opting for a mistrial based on procedural error. *Illinois v. Somerville*, 410 U.S. 458, 464, 93 S.Ct. 1066, 35 L.Ed.2d 425, 431; *State v. Gowins*, Iowa, 211 N.W.2d 302, 304–306 and citations. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 on which defendant relies is clearly factually distinguishable.

■ The trial court properly exercised its discretion by recommencing prosecution immediately after discovering the procedural error.

■ III. Defendant's third and fourth assigned errors involve instructions 11 and 15 which refer to burden of proof on defendant's claimed insanity defense.

Instruction 15 included:

"Every person is presumed to be sane until the contrary is made to appear, and the burden is upon the defendant to prove by the evidence that he was insane at the time of the alleged commission of the offense charged. By a 'preponderance of the evidence' is meant the greater weight or strength of the proof."

The instruction included a statement of the legal principles under the M'Naghten rule.

Instruction 11 told the jury the State had the duty to establish defendant was sane at the time he committed any offense with which he was charged.

Instructions 15 and 11 were contradictory and therefore confusing. There is no way to tell which of the contradictory instructions the jury followed. *State v. Osmundson*, Iowa, 241 N.W.2d 892, 893; *State v.*

*Leins*, Iowa, 234 N.W.2d 645, 649, and citations.

■ The established rule is that if defendant's sanity is drawn in issue and substantial evidence appears in the record raising a fact question under the M'Naghten test—regardless of the source of that evidence—then the burden is on the State to prove defendant's sanity beyond a reasonable doubt by all the evidence in the case including the presumption of sanity. *State v. Lass*, Iowa, 228 N.W.2d 758, 768; *State v. Thomas*, Iowa, 219 N.W.2d 3, 5, and citations.

We note the State at no time argued there was a lack of substantial evidence sufficient to raise the issue of defendant's claimed insanity.

We hold the contradictory instructions require reversal.

■ IV. Defendant next urges reversal on the ground ballistics expert, Andrew M. Newquist, was permitted to testify concerning exhibit 7, a shell casing found at the robbery scene. It had been received into evidence. The victim testified one shot was fired during the robbery. Defendant assigns no error in admission of exhibit 7 and therefore waives any foundational objections. *State v. Coffee*, Iowa, 182 N.W.2d 390, 393.

■ V. The evidence is undisputed defendant had a drinking problem for many years. Dr. Shelton testified defendant suffered from chronic alcoholism. Testimony was also received regarding defendant's drinking and memory lapses on the day of the crime. However, defendant argues the trial court erred in refusing to allow him to testify concerning his drinking activities prior to the date of the crime and his several commitments to institutions and treatment of his problems with alcohol. The State contends the trial court did not abuse its discretion in excluding the proferred testimony on the ground of relevancy. We agree.

■ The basic test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without the evidence. *State v. Sparks*, Iowa, 238 N.W.2d 777, 779. Questions of relevancy and materiality of evidence rest largely within the sound discretion of the trial court. *State v. Mathias*, Iowa, 216 N.W.2d 319, 322; *State v. Graham*, Iowa, 203 N.W.2d 600, 604. The trial court did not abuse its discretion in excluding defendant's testimony concerning prior drinking activities.

■ VI. Defendant's seventh assigned error claims the trial court erred in allowing the in-court identification of defendant by the robbery victim, Jorgensen. Jorgensen based his identification on his observations at the robbery scene but related the fact he observed and identified defendant in a five-man police lineup within two hours after the robbery. The lineup was conducted before defendant was formally charged. Defendant takes the position the identification was tainted and therefore inadmissible because he was not represented by counsel at the lineup.

*Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 holds the right-to-counsel constitutional guarantees have no application to the type of precharge identification made in this case. This court has followed the Kirby holding in several cases, including *State v. Salazar*, Iowa, 213 N.W.2d 490, 493; *Williamson v. State*, Iowa, 201 N.W.2d 490, 491 and *State v. Jackson*, Iowa, 199 N.W.2d 102, 103. Defendant's seventh assigned error is untenable.

VII. Defendant next contends the trial court erred in refusing and failing to instruct on the issue of defendant's intoxication rendering him incapable of forming the requisite intent to commit the crime charged.

Jorgensen and the arresting police officers opined defendant was not intoxicated. However, defendant's testimony creates a fact issue for the jury. Defendant testified that on the day of the offense he drank what he usually does "just to get feeling good and not to get sick"—18 half-quart cans of Olympia beer. He recalled drinking

at home that day, going to Joan Anderson's home to put up a Christmas tree and then returning to his mother's home to borrow money. He further testified the next thing he recalled was being in a car, having Joan Anderson poke him in the ribs to wake him up and thinking the driver, Lowell Buhr, was being arrested for drunken driving. He also recalled seeing a gun in the car and telling Buhr to "leave this gun where it's at, we haven't done anything wrong." He further testified he had had prior total blackouts.

The specific intent required for a conviction of robbery with aggravation is the intent to kill or maim, if resisted. Code section 711.2.

■ Intoxication alone does not necessarily amount to an excuse for the commission of a crime, but becomes so only when the mental incapacity produced thereby is such as to make the person incapable of forming a criminal intent. *State v. Watts*, Iowa, 223 N.W.2d 234, 239; *State v. Linzmeyer*, 248 Iowa 31, 35, 79 N.W.2d 206, 208; *State v. Patton*, 206 Iowa 1347, 1348, 221 N.W. 952, and citations.

■ A jury must be instructed on the law applicable to facts supported by the evidence and be so instructed if evidence is admitted which supports some involved issue. *State v. Jochims*, Iowa, 241 N.W.2d 25, 27; *State v. Lamar*, Iowa, 210 N.W.2d 600, 605–606.

■ We find there was sufficient evidence to create a fact question regarding defendant's intoxication at the time of the offense. The trial court committed reversible error in failing to instruct on the issue of defendant's claimed incapacitating intoxication.

VIII. Defendant's final contention relates to the habitual criminal accusation filed against him under the provisions of Code section 747.5. Subsequent to the jury verdict finding defendant guilty of robbery with aggravation the record includes the following:

"MR. STATTON [defense counsel]: But I have had a consultation with the defendant and we—we are not here to contest the court record. It's absolutely obvious, and for that reason, we—why don't you come up here, Mr. Watts, so we can both understand.

"We acknowledge—acknowledges he is the Darrell Lincoln Watts that was convicted in Boone County, Iowa on March 31st, 1950 and in Carroll County, Iowa, on the 19th day of August, 1961; and we don't want to plead guilty to the Information filed in criminal number 4935, with respect to that part which alleges robbery with aggravation, contrary to 711.2, upon which charge we've just completed a trial. But we do not contest and we do acknowledge the allegations of the prior convictions, with respect to the habitual criminal part.

"THE COURT: All right. Then, you plead guilty to the fact you have been convicted twice before?

"MR. WATTS: Yes, Your Honor.

"MR. STATTON: Yes."

■ Defendant argues the trial court should have conducted the habitual criminal proceedings in accordance with the standard and guidelines set out in *State v. Sisco*, Iowa, 169 N.W.2d 542. We have previously rejected this argument on the basis that a formal plea is not necessary in order for section 747.5 to become operative. Proceedings under the statute are for the purpose of determining penalty. *State v. Biggles*, Iowa, 235 N.W.2d 112, 113; *State v. Tillman*, Iowa, 228 N.W.2d 38, 42.

In *State v. Goodwin*, Iowa, 212 N.W.2d 399, 401–02, we say:

"Defendant's argument is based on the erroneous premise that section 747.5 creates a separate and distinct crime. We and courts of other jurisdictions have uniformly held that recidivist statutes, such as section 747.5, do not create a separate crime and that the allegation of prior convictions is made only for the purpose of determining the penalty to be imposed upon conviction for the primary offense. " * * *.

"*State v. Sisco*, supra, makes no requirement for interrogation of an accused regarding admissions of prior convictions as they bear on the penalty to be imposed after conviction of the crime charged."

Defendant's final contention is without merit.

Our holdings in divisions III and VII require reversal of defendant's conviction and the sentences.

REVERSED.