STATE of Iowa, Appellee,

v.

Moses Andrew JACKSON, Appellant.

No. 53755.

Supreme Court of Iowa.

Jan. 13, 1970.

**568**

Jesse, LeTourneau & Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Michael J. Laughlin, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This consolidated appeal presents identical issues raised on separate guilty pleas to two criminal charges. On April 1, 1969, defendant pled guilty to robbery with aggravation. Sections 711.1 and 711.2, 1966, Code of Iowa. He was sentenced to serve a term of 25 years in the state penitentiary. On April 7, 1969, he pled guilty to a charge of escape in violation of section 745.8, 1966, Code of Iowa, and was sentenced to a term of one year in the state penitentiary and to pay a fine.

Defendant has appealed from the judgment and sentence in each case. He asserts he is entitled to a reversal because:

(1) The trial court erred in accepting guilty pleas which were not voluntarily and intelligently made and which were void for failure to conform to requirements of due process of law; and

(2) The trial court erred in entering judgment without first determining that defendant understood and waived his defense to the charges based on a violation of his right to counsel at a pre-trial identification procedure.

For convenience we discuss only the circumstances surrounding defendant's robbery plea, although our conclusions apply to both appeals.

I. Defendant's first assignment of error raises an old problem in a new framework. The problem is whether defendant's guilty plea was voluntary and was made with an intelligent understanding of the nature of the offense and the consequences of the plea. State v. Rife, 260 Iowa 598, 602, 149 N.W.2d 846, 848. The new circumstance is what effect our recent decision in State v. Sisco, Iowa, 169 N.W.2d 542, has here.

In the Sisco case we adopted new standards to be followed in accepting criminal pleas. We imposed additional responsibility on the trial court to determine "defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, whether it is voluntarily entered, [and the] existence of facts supporting it."

Our Sisco opinion espoused substantially the provisions of rule 11, Federal Rules of Criminal Procedure, and the pronouncements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Defendant argues the Sisco guidelines were not followed in his case; that he was thereby denied due process of law; and that no valid judgment or sentence could be entered on his purported guilty pleas.

We first consider this assignment without reference to the impact of Sisco. Under the record before us we find de-

fendant's plea was voluntarily made with an intelligent understanding of both the offense and the consequences of the plea. He was at all times represented by counsel, whose competency he does not challenge. The trial court interrogated him personally concerning the voluntariness of his plea and the punishment involved. Defendant stated it was his own decision to plead guilty. His counsel recommended that the court accept the plea.

The record also shows a factual basis which easily justified the trial court's action. The minutes disclose that the victim of the alleged robbery was prepared to identify defendant as one of his assailants; that defendant held a gun on him, took his money, and then beat him with the butt of the instrument. In addition an alleged accomplice was listed as a witness who would testify defendant was one of the participants in the crime.

There was enough here to hold the plea valid under our pre-Sisco procedure. Defendant's claim is based on the alleged failure of the trial court to explain the nature of the charge and elements of the offense before accepting his guilty plea. We need not pass on the merits of this argument because defendant is not entitled to the benefit of the Sisco doctrine in any event.

■ In State v. Vantrump, Iowa, 170 N.W.2d 453, 454, filed September 5, 1969, we held the Sisco guideline standards are not to be applied retroactively. The Sisco opinion was filed July 24, 1969. The plea under examination here was entered on April 1, 1969. Under our holding in Vantrump, therefore, it would appear the Sisco case does not help defendant. He contends, however, that State v. Wisniewski, Iowa, 171 N.W.2d 882, filed November 12, 1969, compels us to apply the Sisco rules to the matter now at hand. We reject this argument.

In Wisniewski we held the defendant should have a new trial because the trial court gave an instruction—proper at the time—placing the burden of proving alibi on defendant. While that case was on appeal, we repudiated our controversial alibi instruction in State v. Galloway, Iowa, 167 N.W.2d 89.

Because this change occurred while Wisniewski's case was still on appeal we held he should have the benefit of it. See also State v. Evans, Iowa, 169 N.W.2d 200, 203.

Defendant urges that we must reverse and order his case processed under the procedure set out in Sisco because his appeal, like those of Wisniewski and Evans, was pending when the change took effect.

■ We do not believe those decisions require that result. The considerations which determine the extent to which a change of law shall be applied to cases then pending is discussed in both Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, 889, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199, 1204–1205. Important factors include the purpose of the new rule; the extent to which the old standard had been relied upon; and the effect a particular kind of application will have on the administration of justice. Underlying all of these is the basic inquiry as to how seriously the discarded rule affected the "very integrity of the fact-finding process" or produced "the clear danger of convicting the innocent."

Both Johnson v. New Jersey and Stovall v. Denno point out that the extent to which a new rule of criminal procedure should be applied varies from case to case depending on the "peculiar traits" of the rule in question and the "degree" to which it affects the fact-finding process.

We held these considerations were insufficient to warrant a new trial for both Wisniewski and Evans. It does not follow that *every* change must be given similar effect in *every* case.

Under circumstances like those before us the Supreme Court of the United States has consistently refused to use a new rule as defendant would have us do here.

For instance, the Miranda requirements (Miranda v. Arizona, 86 S.Ct. 1602, 384 U.S. 436, 16 L.Ed.2d 694, 10 A.L.R.3d 974) for determining the voluntariness of statements are applied only to trials subsequent to the date of that opinion. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, 892, 893. That case gives the same restricted application to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977.

Stovall v. Denno, supra, limits the effect of newly adopted pre-trial identification procedures to those conducted after the date of the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 1178. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the court refused to apply the standards of rule 11, Federal Rules of Criminal Procedure, to any case in which a plea had been entered prior to the court's opinion in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, which had set out the new rules in question.

Again referring to Stovall v. Denno, supra, we find the language of Justice Brennan there particularly in point here. Stovall, it will be recalled, dealt with certain out-of-court identification procedures which had been condemned as unconstitutional in the Gilbert and Wade cases. Stovall held the rule applied only to lineups conducted after the date of those two decisions. At page 1971 of 87 S.Ct., 1204 of 18 L.Ed.2d, we find this, "* * * [I]t may confidently be assumed that confrontations for identification can be and often have been conducted in the absence of counsel with scrupulous fairness and without prejudice to the accused at trial."

Undoubtedly for that reason, the court refused to recognize any distinction between those cases in which conviction had become final and those "at various stages of trial and direct review."

We are convinced this is the only conclusion justified here. Simply because we have now adopted what we consider to be a better method of establishing the validity of a criminal plea does not mean all pleas prior thereto were bad. The great majority were voluntarily and intelligently made. This appears to have been one of those.

We hold, as we did in State v. Vantrump, supra, that the guideline standards adopted in State v. Sisco apply only to guilty pleas entered after the date of that opinion, July 24, 1969. We hold further defendant's plea was a valid plea of guilty to the offense with which he was charged.

II. What we have said in Division I pretty well disposes also of the second assignment of error which claims defendant was denied the right of counsel at a pre-trial investigation procedure in violation of Amendment VI, Constitution of the United States. See United States v. Wade, Gilbert v. California, and State v. Wisniewski, all supra.

We have already determined defendant's plea of guilty was valid as voluntarily and intelligently entered. Under such circumstances any objection to the identification procedure is waived. State v. Delano, Iowa, 161 N.W.2d 66, 72; State v. Hellickson, Iowa, 162 N.W.2d 390, 394; Brewer v. Bennett, Iowa, 161 N.W.2d 749, 750. In Delano at page 72 we said a plea of guilty, if understandably and voluntarily made, acknowledges guilt and eliminates all questions as to admissibility of evidence, constitutes a waiver of defendant's right to be confronted by witnesses who would testify against him and dispenses with presentation of those witnesses. We also said, "When a defendant voluntarily and understandingly pleads guilty with full knowledge of his constitutional rights and has been informed of the consequences of

his guilty plea, it is immaterial whether he gave a prior confession or statement without being advised of his right to remain silent, of his right to counsel, and that his statements could be used against him. * * *"

We believe that rationale applies here. Perhaps, as he contends, the identification procedure conducted without counsel violated defendant's constitutional rights and perhaps such identification testimony would have been inadmissible at trial; but this does not render his plea void. The plea waived his right to trial, where he could have properly raised the objection he seeks—improperly—to rely on here.

III. While our discussion has been limited to the circumstances of the robbery charge, our conclusion is equally applicable to the charge of escape.

Finding no reversible error, we affirm the judgment of the trial court in each case.

Affirmed.

All Justices concur, except REES, J., who takes no part.