**STATE of Iowa, Appellee,**

v.

**Moses Andrew JACKSON, Appellant.**

No. 55144.

Supreme Court of Iowa.

June 29, 1972.

Jesse, LeTourneau & Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Robert D. Jacobson, Asst. Atty. Gen., for appellee.

HARRIS, Justice.

This is an appeal from the denial of relief in a postconviction proceeding. We affirm.

The petitioner, Moses Andrew Jackson, entered successive guilty pleas to two felony charges. On April 1, 1969, he pleaded guilty to robbery with aggravation and was sentenced to a term of twenty-five years. On April 7, 1969, he pleaded guilty to escape, was fined and sentenced to a term not to exceed one year. The two convictions by the guilty pleas were later affirmed on appeal to this court. State v. Jackson, 173 N.W.2d 567 (Iowa 1970).

On October 9, 1970, the petitioner brought this proceeding under chapter 663A, The Code, to "Vacate or Modify Judgment." Here the petitioner claims he was denied counsel at a pretrial identification proceeding, claiming his guilty plea to robbery with aggravation was not freely and intelligently made. He claims he was not fully informed of a defense available to him. He was not made aware of a potential challenge to the method by which the identification of him was made by a complaining witness.

In essence the petitioner's contentions center around the pretrial identification procedure. Mr. Andes, the victim of the robbery, was asked to go to the police station because the police had detained suspects fitting the description of the assailants. As he came into the police station, Andes saw Jackson coming down the stairs and identified him as the man who robbed and struck him. The identification was spontaneous and was received without prompting from any law enforcement officer. There was no formal lineup.

After this pretrial identification counsel was appointed for petitioner who represented him at the preliminary hearing and in all other proceedings in the trial court. The same attorney advised petitioner to plead guilty.

■ I. We have held a postconviction proceeding is not available to relitigate is-

sues previously adjudicated. In State v. Wetzel, 192 N.W.2d 762 (Iowa 1971) the petitioner was not entitled to relief in a postconviction proceeding in which he presented only matters which had previously been considered in a habeas corpus case. This view seems to be universally acknowledged and accepted in both state and federal courts. See Annot., 10 A.L.R. Fed. 724, 733. In our opinion on petitioner's earlier appeal we held petitioner's "* * * plea of guilty was valid as voluntarily and intelligently entered. Under such circumstances any objection to the identification procedure is waived. (Citations) * * *

"* * *

"* * * Perhaps, as he contends, the identification procedure conducted without counsel violated defendant's constitutional rights and perhaps such identification testimony would have been inadmissible at trial; but this does not render his plea void. The plea waived his right to trial, where he could have properly raised the objection he seeks—improperly—to rely on here." State v. Jackson, supra, 173 N.W. 2d 567, 570 (Iowa 1970).

The question left open in Jackson's earlier appeal as to the identification procedure has since been answered. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (decided June 7, 1972) held admissible evidence of a preindictment identification at a police station where accused was without counsel. The facts relating to the confrontation in Kirby were the same as those reviewed here. Under the rule in Kirby, evidence of the identification procedure was clearly admissible. This admissibility removes the entire foundation of Jackson's position in this appeal and alone requires an affirmance.

II. The judgment of the trial court must also be affirmed on another ground. Jackson insists his guilty plea should not bar his claim of deprivation of a constitutional right. He claims his coun-

sel's error as to the factual item relating to presence of counsel rendered his attorney's advice bad and should vitiate his guilty plea. He insists he was not permitted to make this claim in the earlier proceedings or appeal.

Counsel are often in error as to an item of fact. When such an error is a factor in advice to plead guilty it cannot be said later to void the guilty plea. As was well said by the United States Supreme Court in McMann v. Richardson, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 772: "* * * the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? On those facts would evidence seized without a warrant be admissible? Would the trier of fact on those facts find a confession voluntary and admissible? Questions like these cannot be answered with certitude; yet a *decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts."* (emphasis added)

The record discloses petitioner's counsel at the time he entered the plea was competent and experienced. There is absolutely no hint he was ineffective. The judgment of the trial court must be and is

Affirmed.

All Justices concur.