# IN THE COURT OF APPEALS OF IOWA

No. 22-1354
Filed February 7, 2024

**JOSHUA DAVID MITCHELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Joshua Mitchell appeals the denial of his second application for postconviction relief. **AFFIRMED.**

Jeffrey L. Powell of Keegan, Tindal & Jaeger, PLC, Iowa City, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., Badding, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Joshua Mitchell appeals the denial of his second application for postconviction relief (PCR). He contests the knowing and voluntary nature of the guilty pleas he entered more than one decade ago and claims actual innocence. Because Mitchell fails to prove either claim, we affirm.

Mitchell was arrested and charged with two counts of second-degree sexual abuse in 2011. He pled guilty two months later, and the district court sentenced him to concurrent terms of twenty-five years in prison. Mitchell did not directly appeal his convictions, but he filed PCR applications. In 2016, the district court denied Mitchell relief in his first PCR action. We affirmed that ruling on appeal. *Mitchell v. State*, No. 16-1674, 2017 WL 6033878, at *4 (Iowa Ct. App. Dec. 6, 2017).

While his first PCR action was on appeal, Mitchell started a second PCR action. His counsel acknowledged that Mitchell's second PCR application repeated claims that were litigated in the first proceeding. But PCR counsel argued that Mitchell did not previously litigate one claim and could not have raised it within the three-year limitation period of Iowa Code section 822.3 (2011). Counsel cited an affidavit in which Mitchell claimed that he remembered "important exculpatory evidence" after stopping medication in 2017.[1] But he did not file that affidavit. So the PCR court provided notice that it intended to dismiss the application and gave

---

[1] The State alleged that Mitchell sexually abused two children between January 2010 and April 2011. Mitchell's affidavit recalls a department of human services investigation of physical injuries to the victims' sibling two weeks before his arrest. The victims were present during that investigation, and the department did not find either victim showed signs of abuse.

Mitchell thirty days to respond. When no response came, the court dismissed the application as untimely under section 822.3.

Mitchell appealed, claiming his PCR counsel was ineffective by failing to present the PCR court with the affidavit and inform him of the proposed dismissal. Before we decided the appeal, the supreme court issued two decisions that would impact the outcome: *Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018) (allowing a freestanding claim of actual innocence under the Iowa Constitution for convictions resulting from guilty pleas), and *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (holding that a PCR application alleging PCR counsel provided ineffective assistance in presenting a claim of ineffective assistance of trial counsel in a prior PCR proceeding "relates back to the timing of the filing of the original PCR" application for purposes of Iowa Code section 822.3).[2] Interpreting Mitchell's claim of a "lack of evidence" for his conviction as a claim of actual innocence and guided by the new decisions, we "reverse[d] the summary dismissal of Mitchell's PCR claim and remand[ed] to the district court for further proceedings and consideration of Mitchell's claim that PCR counsel was ineffective." *Mitchell v. State*, No. 18-0112, 2018 WL 4913670, at *2–3 (Iowa Ct. App. Oct. 10, 2018).

Mitchell twice amended his PCR application following remand. After delays, the PCR trial was held in March 2022. The PCR court denied Mitchell's application, finding his claim that he did not knowingly and intelligently enter his guilty pleas was merely a "re-branding of his previous claims in his first PCR." The

---

[2] A legislative amendment has since abrogated the relation-back doctrine. *See* 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)); *Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022) (recognizing abrogation).

PCR court also expressed doubt as to whether the evidence Mitchell relied on for his actual-innocence claim qualified as newly discovered. In any case, the court noted that the new evidence "is only impeaching." After weighing it against the evidence of his guilt, including Mitchell's admissions that he sexually abused the victims, the court found that Mitchell failed his burden of proving the new evidence would have changed the result of the criminal proceeding.

Mitchell challenges the denial of his second PCR application. He claims his mental health and medications prevented him from knowingly and intelligently pleading guilty and led him to plead guilty despite his innocence. He also raises a freestanding claim of actual innocence. We review denials of PCR applications for correction of errors at law and the deprivation of constitutional rights de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). We give weight to the district court's findings, especially when they pertain to witness credibility. *See id.*

We agree that res judicata bars Mitchell's challenge to the knowing and intelligent nature of his guilty pleas. We noted in the first PCR appeal that "a review of the medical records made the day before the plea proceedings indicate[s] Mitchell was not experiencing any side effects from the prescribed medications such that his plea would be involuntary or unintelligently made." *Mitchell*, 2017 WL 6033878, at *2. On this basis, we found that "Mitchell has failed to prove trial counsel was ineffective in allowing him to plead guilty or that his PCR counsel was ineffective in not pursuing a ruling on whether Mitchell's medications affected his ability to render his plea." *Id.* "[A] postconviction proceedings is not available to relitigate issues previously adjudicated." *State v. Jackson*, 199 N.W.2d 102, 102–03 (Iowa 1972); *accord Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App.

2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." (cleaned up)).

We also agree that Mitchell has not met his burden of showing actual innocence. To succeed, Mitchell "must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt*, 909 N.W.2d at 797. But "*Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020). Although Mitchell claims he could not remember until recently, the exculpatory evidence he relies on existed before his arrest. Even ignoring that Mitchell's claim falls outside the limitation period, Mitchell cannot show by clear and convincing evidence that no reasonable factfinder could have found him guilty. That investigators looking into physical abuse of another child by a different perpetrator did not find the victims showed signs of physical or sexual abuse does not overcome the evidence of Mitchell's guilt when that evidence includes Mitchell's own admissions.

Because both claims Mitchell raises fail, we affirm the denial of his second PCR application.

**AFFIRMED.**