STATE OF IOWA, appellee, v. LARRY L. AGEE, appellant.

No. 51501.

(Reported in 136 N.W.2d 419)

JULY 29, 1965.

REHEARING DENIED SEPTEMBER 21, 1965.

Ben E. Kubby, of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Harry Perkins, Jr., County Attorney, and James D. McKeon, Assistant County Attorney, for appellee.

THORNTON, J. — Defendant was convicted of uttering a forged instrument as defined in section 718.2, Code of Iowa, 1962. He appeals, urging the insufficiency of the evidence of identity beyond a reasonable doubt, error in allowing a witness to testify in violation of an order excluding witnesses, error in giving a flight instruction because not warranted, and error in the alibi instruction.

The State's theory of the case was defendant, together with others, stole payroll checks of the Colonial Baking Company, endorsed the name of the payee-employee of a check issued to Merrill R. Albright in the sum of $103.18 and defendant cashed such check at the Hy-Vee Store at East Twenty-sixth and Euclid in Des Moines. The evidence the checks were stolen and the endorsement on the check in issue was not that of the payee or authorized by him is undenied.

I. The evidence bearing on the identity of defendant as the man who cashed the check is as follows—A bakery employee testified defendant resembled one of the men he saw take the bag containing the checks at the bakery. A lady cashier at the Hy-Vee Store testified defendant was the man who cashed the check. She identified defendant in a "lineup" conducted at the police station. Her direct testimony is positive. Defendant's attack is directed to her cross-examination wherein she was unable to remember in detail certain characteristics of defendant and his dress, her apparent inconsistent statements at the preliminary hearing and the short time she observed the man when cashing the check, and claimed infirmities in conducting the lineup. One other man testified defendant was the man who cashed one of the stolen payroll checks at his place of business and an-

other testified defendant is the one who attempted to cash one of such checks at his place of business. It is sufficient to say of the evidence bearing on the identity of defendant that the cashier at the Hy-Vee Store was in a position to see defendant at the store, that she did identify him in the lineup. She was in a position to know. The able and thorough cross-examination by defense counsel did no more than raise matters going to the accuracy of the witness's memory and the short time she had to observe the man cashing the check. These are matters for the jury in determining her credibility. The evidence of the other witnesses tends to support the cashier. It is a fact of human experience that a person may be recognized and identified by his composite appearance when the observer does not remember details of appearance.

▮ The evidence was substantial, and, if believed, was sufficient to support a conviction beyond a reasonable doubt. State v. Estrella, 257 Iowa 462, 467, 133 N.W.2d 97, 99, 100; and State v. Poffenbarger, 247 Iowa 552, 555, 74 N.W.2d 585.

II. The trial court sustained a motion to exclude the witnesses and admonished counsel to keep his own witnesses out of the courtroom except when testifying. One of the witnesses the State used in rebuttal was in the courtroom for about five minutes while another witness was testifying. The trial court allowed this witness to testify. He testified defendant cashed one of the stolen Colonial payroll checks at his gas station on January 17, 1964, at 6:30 a.m. the morning of the day he cashed the check on which he was being prosecuted.

▮ Defendant contends it was an abuse of discretion to allow the witness to testify after violating the exclusionary rule and because such evidence showed another crime and was impeachment testimony as well as showing a course of conduct. He concedes ordinarily allowing such a witness to testify is discretionary.

In this case the record discloses the witness was in the courtroom for about five minutes to determine whether the defendant was the man who cashed the check at his station. The testimony he heard could not have influenced his testimony in anyway. The assistant county attorney prosecuting the case was unaware of

his presence and in fact did not know at that time such person would be called as a witness.

The reason for the exclusionary rule is, as pointed out in In re Will of Smith, 245 Iowa 38, 42, 60 N.W.2d 866, 869, to lessen the danger of perjury or at least of a suggestion to following witnesses to conform to previous testimony. When it appears the reason for the rule fails, as here, the witness should be allowed to testify. See discussion in In re Will of Smith, supra.

That the witness could properly testify to a common plan or identity even though such testimony discloses another crime is well established. The question is one of relevancy, if such evidence properly supports an issue in the case it is admissible. State v. Schlak, 253 Iowa 113, 116, 111 N.W.2d 289; State v. Linzmeyer, 248 Iowa 31, 79 N.W.2d 206; and State v. Vance, 119 Iowa 685, 687, 94 N.W. 204.

The witness's testimony was only impeachment testimony in the sense it was contradictory of defendant's testimony. The State's whole case was such.

III. Defendant's next contention the flight instruction was not warranted by the evidence is wholly without merit. The record shows defendant while in jail awaiting trial escaped and within a few days was again apprehended. Defendant testified he escaped and fled because he was afraid he would be charged as a habitual criminal.

The reason for flight by one in custody is a question for the jury. State v. Waltz, 158 Iowa 191, 194, 139 N.W. 458, cited by defendant, fully supports the giving of the instruction in this case.

IV. Defendant's last contention is the alibi instruction as given was erroneous. He urges us to reconsider our ruling in State v. Stump, 254 Iowa 1181, 119 N.W.2d 210, for all of the reasons therein urged by the defendant. The instruction given in this case is substantially the same as the one given in Stump and set out at pages 1192, 1193 of 254 Iowa, page 217 of 119 N.W.2d. There was testimony of defendant and his aunt that he was at his aunt's home some distance from the store where the State contended the crime was committed.

1350

A majority of the members of this court are still of the view such evidence warrants the giving of such instruction and the instruction as given is correct. For a complete discussion of the question see State v. Stump, supra.—Affirmed.

All JUSTICES concur except MASON and RAWLINGS, JJ., who take no part.