STATE of Iowa, Appellee,

v.

Robert Lynn THOMAS, Appellant.

No. 61880.

Supreme Court of Iowa.

Feb. 21, 1979.

Paul J. Boysen, Jr., of Camp, Harsh & Boysen, Creston, for appellant.

Thomas J. Miller, Atty. Gen., Thomas A. Evans, Asst. Atty. Gen., and Robert A. Rolfe, County Atty., for appellee.

REES, Justice.

Defendant Robert Lynn Thomas was convicted of uttering a forged instrument in

violation of § 718.2, The Code, and appeals from the trial court's denial of his motion to dismiss for the alleged failure of the State to provide a speedy trial as required by statute, and from the admission into evidence of testimony regarding a similar offense and the theft of the checks allegedly passed by the defendant. We affirm.

Due to the importance of the timing of the various motions and occurrences in this case, a chronology of the events relevant to the defendant's claims is deemed necessary:

November 14, 1976—The defendant was arrested in Creston, Union County, Iowa, and charged with uttering a forged instrument.

November 19, 1976—The defendant was arraigned on the aforementioned charge. He did not, at this time, waive his right to a speedy trial.

Subsequent to arraignment, the defendant was transferred to the Guthrie County jail in Guthrie Center to face charges there.

December 10, 1976—Prior to the initial date set for trial in Union County, December 13, 1976, counsel for the defendant moved for and was granted a continuance, noting the defendant's incarceration in Guthrie County and specifically waiving the defendant's statutory right to a speedy trial.

In late February, the defendant was taken to Sarpy County, Nebraska, pled guilty to a charge there, and entered the Nebraska Penal Complex at Lincoln on or about April 14, 1977.

March 22, 1977—On the motion of defendant's counsel in open court, a second continuance was granted by the Union County District Court.

July 15, 1977—Upon the application of counsel, an order issued authorizing the withdrawal of defense counsel who had been appointed by the court.

July 19, 1977—Trial was to have been held, but the defendant failed to appear. The Union County Attorney, having knowledge of the defendant's whereabouts, saw "no pressing reason" for bringing the defendant from Nebraska for trial since his term was "almost up" and the Iowa authorities would have to pay for two trips.

July 21, 1977—The Union County District Court entered an order directing the return of the defendant to Creston and authorizing transportation for that purpose.

November 10, 1977—Upon release from the Nebraska Penal Complex and waiver of extradition, the defendant was returned to Creston.

November 21, 1977—Trial for the defendant was scheduled for December 19, 1977.

December 5, 1977—Counsel was appointed for the defendant.

December 16, 1977—Counsel for the defendant moved for and was granted a continuance to prepare for trial.

January 18, 1978—Defendant filed a two-part motion to dismiss, alleging the State to have failed to bring the defendant to trial within the statutory period, which was denied by the court.

The defendant's motion to dismiss first alleged that a detainer had been lodged against the defendant by Union County with Nebraska prison officials on approximately April 14, 1977; and that the charge pending against him had not been tried within 180 days of the detainer being lodged against him as required by § 759A.1, Art. III, The Code. He thus prayed that the charge against him be dismissed. The alleged filing of a detainer was not controverted, and the trial court overruled this division of defendant's motion due to the failure of the defendant to comply with the requirement of § 759A.1, Art. III by not sending a written notice of demand for trial to the prosecutor.

In the second division of his motion to dismiss, the defendant asserted that he had not been brought to trial within 60 days of arraignment as required by § 795.2, The Code, and had not knowingly waived his right to a speedy trial. The trial court found the defendant waived his right to a speedy trial in requesting a continuance on December 10, 1976, and that Union County showed good cause for not bringing the

defendant to trial within 60 days. Defendant's motion was therefore overruled.

On January 19, 1978, the defendant filed a motion in limine, requesting the court to exclude from evidence at trial any mention of the checks in question having been stolen or the attempted passing of another of the stolen checks by the defendant at a store in Creston, on grounds that such evidence was immaterial and prejudicial. Following arguments of counsel, the trial court overruled the motion in limine, ruling that the evidence could be admitted for the purpose of showing a plan and establishing knowledge of the false instrument. The defendant made timely objection to such testimony at trial.

Defendant was convicted by a jury on January 20, 1978, and was sentenced on March 10, 1978. On March 22, 1978 the defendant filed his notice of appeal to this court.

The following issues are presented for review:

(1) Did the trial court err in overruling defendant's motion to dismiss based on alleged violation of § 759A.1, The Interstate Detainer Act, when, although a detainer had been lodged against the defendant while incarcerated in Nebraska, the defendant did not notify the prosecutor of his wish to be tried and supply the requisite certification?

(2) Did the trial court err in finding the defendant to have waived his right to a speedy trial and that there was good cause for not having brought the defendant to trial within the statutory period, and in therefore overruling defendant's motion to dismiss based on alleged violation of the speedy trial guarantee of § 795.2, The Code?

(3) When a person is charged with uttering a forged instrument, should testimony regarding the then recent theft of the instrument in question and an attempt by the defendant to cash another of the stolen checks be excluded as prejudicial to the defendant and of no probative value?

I. Defendant contends that his statutory right to a speedy trial was infringed upon and that the charges against him should have been dismissed. His position is based alternatively on the provisions of §§ 759A.1 and 795.2, The Code. We first consider defendant's contentions regarding Chapter 759A, The Interstate Detainer Act.[1]

Section 759A.1, Art. III, provides in relevant part:

"a. Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."

█ It is defendant's contention that the information filed against him must be dismissed because he was not brought to trial within 180 days of a detainer being lodged

---

1. The Act is now Chapter 821 of the Code of Iowa (1977 Code Supp.), following the criminal code revision.

against him. Although there is some dispute as to when a detainer was lodged, we find it unnecessary to determine such date. It is clear from a reading of the statute that the 180-day period begins only after the prosecutor has received written notice of requested disposition *and* the requisite certificate of the officials of the incarcerating state. We have so held. *State v. Wood,* 241 N.W.2d 8, 12 (Iowa 1976). While there was a letter in September of 1977 from the defendant to the Union County Attorney which could reasonably be construed as a request for disposition of the charge, there is no indication in the record that the certificate of the incarcerating officials was ever sent to the prosecutor. Absent receipt of the aforementioned certificate, the 180-day speedy trial provision of § 795.1 does not become applicable. The trial court did not err in overruling defendant's motion to dismiss based in Article III of § 759A.1.

■ The defendant also contends that dismissal is mandated by Article IV of § 759A.1. This court has not had prior opportunity to construe Article IV. As it relates to the case at bar, the statute provides that trial of an individual who is procured for trial by application of the prosecuting officer under the Article must be commenced within 120 days of the arrival of the defendant in the receiving state, absent a showing of good cause for delay. As a prerequisite to securing the presence of a defendant for trial in another state, a detainer must have been filed. A detainer was filed against the defendant, but the prosecutor chose not to act under the statute and instead brought the defendant to Iowa subsequent to his term of imprisonment by an extra-759A procedure. Thus the 120-day speedy trial provision of Article IV is inapplicable to the case at bar. Even if the procedure of Article IV had been followed, defendant's contention would be of no avail for he was brought to trial within 120 days of his arrival in Iowa.

Despite the fact that the Agreement on Detainers Compact has been enacted by a substantial majority of jurisdictions, including the United States, we are unable to find any decisions supporting defendant's constructions of the Chapter. We thus find no error in the overruling of defendant's motion to dismiss based in § 759A.1.

■ II. We next address defendant's argument that he did not waive his right to a speedy trial as set forth in § 795.2, The Code.[2] Section 795.2 provides that a defendant must be brought to trial within 60 days of indictment for a public offense unless good cause is shown. Defendant's motion for a continuance prior to the December 13, 1976 date initially set for trial included an acknowledgment that such a motion constituted a waiver of his right to a speedy trial under § 795.2. Defendant's counsel at that time testified, after defendant had waived any claim of privilege, that Thomas had been informed of the effect of the continuance upon his right to a speedy trial, and had agreed to the continuance. Thomas denied having been so informed. We find the motion for a continuance to be a waiver of the § 795.2 right to speedy trial. See *State v. O'Connell,* 275 N.W.2d 197 (Iowa 1979). The fact that there was a basis in the record on which the trial court could find a knowing waiver only re-enforces the denial of defendant's motion. The trial court did not err in overruling the second division of the motion to dismiss.

■ Before considering the next issue, we deem it necessary to remark upon the delay in bringing the defendant to trial. Because defendant's motion to dismiss was based entirely upon statute and ruled on by the trial court as such, there being no specific reference to constitutional guarantees, we do not reach any constitutional issues and specifically reserve any endorsement of or comment upon the constitutionality of the procedure followed by the prosecution in this case, with one exception. At the July 19, 1977 hearing the prosecutor gave

---

2. We note that the 60-day period of § 795.2 has now been extended to 90 days in the revision of the criminal code. Chapter 795 was repealed; the speedy trial provisions are now found in Chapter 813, The Code Supp.1977, rule 27 of the Rules of Criminal Procedure.

the expense of two trips to Nebraska as a reason for not bringing the defendant to trial at that time. It should be made clear that such a ground cannot justify a delay months in length, in this case of at least five months. See *Beck v. United States,* 442 F.2d 1037, 1038 (5th Cir.); *Commonwealth v. Clark,* 443 Pa. 318, 279 A.2d 41, 45; *Commonwealth v. Green,* 353 Mass. 687, 234 N.E.2d 534, 535.

III. The appellant contends the trial court abused its discretion in admitting evidence of the check in question having been stolen a few days before the incident for which the defendant was charged, and of another attempt by the defendant to cash a similar check in Creston the following day, claiming such evidence to be immaterial, irrelevant and prejudicial. We find no merit in appellant's claim of error in this regard.

██ Although evidence of criminal activity other than that charged is generally inadmissible, we have acknowledged that evidence of similar crimes is admissible, noting relevance to issues of intent, motive, common scheme and identity. *State v. Coburn,* 244 N.W.2d 560, 563 (Iowa 1976); *State v. Johnson,* 237 N.W.2d 819, 821 (Iowa 1976); *State v. Agee,* 257 Iowa 1345, 136 N.W.2d 419, 421 (1965). In this case the attempted passing of a similar check is definitely relevant and material to the questions of intent and common scheme, the likelihood of knowledge of the forged nature of the check increasing with the number of checks of a similar nature. See especially *Agee,* supra. The Eighth Circuit Court of Appeals has reached the same conclusion in a similar factual situation under the Federal Rules of Evidence, noting the decreased likelihood of inadvertence or mistake. *United States v. Maestas,* 554 F.2d 834 (8 Cir. 1977). Here both checks had been stolen only a few days earlier from the same business.

██ IV. Evidence that the checks in question had been stolen only three days before is relevant, under a different principle, since the checks were in defendant's possession and there is a permissible infer-

ence that he therefore had knowledge of their theft, *State v. Browning,* 269 N.W.2d 450 (Iowa 1978), and that cashing the same would involve the commission of a public offense. Evidence that the checks had been recently stolen is thus relevant to the issue of intent. We find no abuse of discretion in the ruling of the trial court.

V. In summation we hold that the trial court did not err in overruling defendant's motion to dismiss due to alleged noncompliance with the speedy trial provisions of §§ 759A.1 and 795.2, and that the trial court did not abuse its discretion in allowing the admission of evidence of the theft of the instrument in question and an attempt by the defendant to pass a similar check a day later.

AFFIRMED.

All Justices concur.