*In re Maples*, 33 B.R. 14, 16 (Bankr.W.D.Mo. 1983) (citation omitted).

■ If the bankruptcy court finds on remand that Betty Davison had an ownership interest in the footwear inventory, it should also consider whether Marvin acted as her agent when he signed the financing statement. In the proceedings before the bankruptcy court and the district court, the Bank contended that even if Betty held an ownership interest in Davison Enterprises and the footwear inventory, she authorized Marvin to act as her agent in all business affairs, including the signing of the financing statement. In rejecting this argument, the district court stated that the Davisons presented no evidence supporting a finding of agency, and that agency would not be inferred merely because of the existence of a marital relationship. *See Dickey Co., v. Kanan*, 537 S.W.2d 430, 434 (Mo. App.1976); *Murphy v. Olds*, 508 S.W.2d 249, 252–53 (Mo.App.1974): We note, however, that at the evidentiary hearing the Bank presented evidence that Betty left the management of the business to Marvin. Because such evidence arguably is probative of an agency relationship with respect to the business, the district court erred in holding that *no* evidence supported a finding of agency. Thus, if Betty Davison is found to be an owner of the inventory, the bankruptcy court should also determine on remand whether Marvin acted as Betty's agent in signing the financing statement.

### III. *Conclusion.*

Accordingly, for the reasons set forth in this opinion, we reverse the decision of the district court with directions to remand the case to the bankruptcy court for further proceedings consistent with this opinion.

**Robert Lynn THOMAS, Appellant,**

v.

**Calvin AUGER and Thomas Miller, Attorney General, Appellees.**

**No. 83–2432.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided July 11, 1984.

Thomas Mann, Jr., Des Moines, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH, District Judge.[*]

PER CURIAM.

Robert Lynn Thomas appeals from the district court's [1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that he was deprived of his sixth amendment right to a speedy trial. We conclude that Thomas is barred by procedural default from obtaining federal habeas review of his claim, and we therefore affirm.

I. *Background.*

In November 1976, Thomas was arrested in Union County, Iowa, and charged with uttering a forged instrument. The Iowa District Court set a December trial date, but defense counsel requested a continuance, specifically waiving appellant's right to a speedy trial. In February 1977, Thomas was sent to Nebraska to answer an unrelated charge. He pled guilty and received a one-year prison sentence. Trial on the Iowa charge was reset for July 19, 1977, but Thomas, then in Nebraska custody, did not appear. At a hearing on that date, the Union County prosecutor told the trial judge that he saw no reason to bring appellant back to Iowa for trial before expiration of his Nebraska sentence because Iowa authorities would have to bear the expense of transporting Thomas twice.

Thomas was not returned to Iowa until his release from the Nebraska Penal Com-

---

[*] STEPHEN N. LIMBAUGH, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

plex in November 1977. The trial court then set trial for January 19, 1978. On January 18, Thomas filed a motion to dismiss, alleging denial of his right to a speedy trial. He based his claim on the State's failure to bring him to trial within 60 days of arraignment as required by Iowa Code § 795.2,[2] or within the 180 days allowed under the Interstate Detainer Act, Iowa Code § 759A.1.[3] The only reference in the motion to a federal constitutional right was a statement included under his statutory speedy trial claim that "refusal to dismiss the charges against the defendant would be a denial of his rights under both the Iowa Constitution and the Federal Constitution and Bill of Rights." The trial court overruled the motion to dismiss, and Thomas was subsequently convicted and sentenced to ten years' imprisonment.

On direct appeal, Thomas challenged the denial of his motion to dismiss, but did not raise the issue of his federal constitutional right to a speedy trial. The Iowa Supreme Court affirmed his conviction. *State v. Thomas*, 275 N.W.2d 211 (Iowa 1979). The court noted that the motion to dismiss was based entirely on statutory grounds with no specific reference to constitutional guarantees, and it therefore declined to reach any constitutional issues. *Id.* at 214.

Thereafter, Thomas filed an application for postconviction relief alleging violation of his sixth amendment speedy trial rights. The state courts held that Thomas was precluded from obtaining relief on his federal claim because he had not shown sufficient reason for failing to raise the issue either at trial or on direct appeal.[4]

■ Thomas then filed the present petition for writ of habeas corpus asserting only the constitutional speedy trial issue. The district court noted that where, as here, procedural default bars state litigation of a constitutional claim, a state prisoner cannot obtain federal habeas review absent a showing of cause for and prejudice from the default. *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).[5] The district court concluded that Thomas had not shown sufficient cause for his noncompliance with state procedural requirements and denied the petition for habeas relief.[6] This appeal followed.

## II. *Discussion.*

Thomas argues that no procedural default occurred because he adequately presented his federal constitutional claim to the trial court and on direct appeal. He points out that he referred to the Federal Constitution and cited federal case law in his motion to dismiss. He suggests, moreover, that by raising state statutory speedy trial claims, he implicated his federal constitutional right to a speedy trial.

■ The federal court may determine that a claim was sufficiently presented in state court to preserve it for federal review. *See Collins v. Auger*, 577 F.2d 1107, 1109 (8th Cir.1978). In the present case, however, the record supports the finding that prior to his application for postconviction relief, Thomas based his speedy trial

**2.** Chapter 795 of the Iowa Code has since been repealed; the speedy trial provisions are now found in Rule 27 of the Rules of Criminal Procedure, Iowa Code (Supp.1981).

**3.** The Act is now Chapter 821 of the Iowa Code (Supp.1981).

**4.** Under Iowa Code § 663A.8, any ground not raised in the proceeding that resulted in a conviction or sentence may not be the basis for an application for postconviction relief, absent a showing of sufficient reason for failing to assert the claim. *See, e.g., Bledsoe v. State*, 257 N.W.2d 32, 34 (Iowa 1977).

**5.** The postconviction court did consider the merits of Thomas' federal claim and concluded that the state had violated his constitutional right to a speedy trial. The court nevertheless denied Thomas' application for relief because of failure to comply with independent state procedural rules. The *Wainright* doctrine is therefore applicable because the state court relied exclusively on the procedural bar to deny relief.

**6.** In an alternative ruling on the merits of the claim, the district court concluded that Thomas was not deprived of his constitutional right to a speedy trial.

claim entirely on the statute and not on his sixth amendment rights. Appellant cited no specific constitutional provision in his motion to dismiss, nor did he pursue his general reference to the Federal Constitution. Even the citation in his Iowa Supreme Court brief to a leading speedy trial case, *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), was offered only to refute by analogy the trial court's conclusion that, under the Iowa speedy trial statute, good cause existed to delay Thomas' trial. Indeed, the record suggests that appellant was aware of his federal rights but chose to base his argument on state statutes containing specific time limits for bringing a defendant to trial as the most likely source of relief from the conviction. We conclude that Thomas' failure to give the state courts an opportunity to rule upon the federal constitutional grounds of his claim either at trial or on direct appeal amounted to state procedural default.

Thomas next contends that even if he waived his federal claim in state court proceedings, the district court erred in concluding that he failed to show good cause for his procedural default. Appellant's constitutional claim is based principally on the prosecutor's July 19, 1977, statement indicating that the cost of returning Thomas to Iowa before expiration of his Nebraska sentence justified delaying his trial. Thomas claims that at the time he filed his statutory motion to dismiss, neither he nor his attorney was aware of the prosecutor's statement. He points out that trial counsel was not appointed until December 5, 1977, approximately five months after the prosecutor made his remarks.[7] Thus, failure to assert the federal constitutional claim was not part of a trial strategy or an attempt to gain a tactical advantage.

 The record indicates that a transcript of the July 19 hearing, which included the prosecutor's remarks, was prepared on November 21, 1977. At the hearing on appellant's motion to dismiss, the prosecution admitted the transcript into evidence without objection. We agree with the district court that the information on which appellant now relies for relief was available to the defense before trial, and "if petitioner and his counsel were in fact not aware of the reasons for the state's delay, it was due to their own negligence." Moreover, counsel asserts that he learned about the prosecutor's reasons for delay when he prepared Thomas' direct appeal. Yet he apparently made no effort to pursue the issue before the Iowa Supreme Court. In the circumstances, we cannot say that Thomas "lacked the tools to construct [his] constitutional claim." *Engle v. Isaac, supra,* 456 U.S. at 133, 102 S.Ct. at 1574. Appellant has shown insufficient cause to overcome his state procedural default, and is therefore barred from federal habeas review of his claim.

Accordingly, we affirm the judgment of the district court.

---

7. Counsel originally appointed to represent Thomas withdrew in July of 1977, but the record indicates that he appeared at the July 19 hearing.