THE STATE OF OHIO, APPELLEE, *v.* THOMPSON, APPELLANT.

(No. 47909—Decided November 5, 1984.)

*John T. Corrigan,* prosecuting attorney, and *Fred Hilow,* for appellee.
*Linda D. Cooper,* for appellant.

PARRINO, J. Defendant, Booker Thompson, appeals his conviction of breaking and entering and petty theft.

For the reasons adduced below, the trial court's judgment is affirmed.

I

The record reveals that on June 11, 1979, Thompson was arrested for breaking and entering and petty theft. Thompson posted $2,000 bond the next day, and was released.

On July 5, 1979, Thompson was indicted on both crimes by the Cuyahoga County Grand Jury. On July 16, 1979, a capias was issued for Thompson's arrest because he had failed to appear for scheduled hearings in his case.

The state did not learn of Thompson's whereabouts until November 19, 1979. On that date the Cuyahoga County Prosecutor's Office received a request by Thompson for a trial on all his outstanding cases, pursuant to the Interstate Agreement on Detainers (R.C. 2963.30). Apparently, Thompson left Ohio, after being released on bond for the breaking and entering and petty theft, and went to Massachusetts. While in Massachusetts, Thompson was arrested and convicted of felony charges and as of November 19, 1979, he was serving five-year and ten-year concurrent sentences in Walpole Prison.

After Thompson's request for a trial on all his outstanding cases but before Cuyahoga County got custody of him, the Middlesex County Massachusetts Court granted Thompson's motion for reconsideration of sentence and his original sentence was vacated. Defendant was then transferred to Billerica House of Correction to serve two concurrent one-year terms. Thompson was released on May 7, 1980. He had obtained an early release because of good behavior.

In the meantime, Ohio had initiated extradition proceedings against the defendant for his return. Defendant was delivered to the Cuyahoga County Jail on May 9, 1980.

On June 10, 1980, Thompson filed a motion to dismiss the indictment on the ground that he had been denied a speedy trial as provided for under R.C. 2963.30.[1] The trial court overruled the

motion. The trial court held that R.C. 2963.30 was not applicable in the instant case, and therefore the appellant only needed to be tried within two hundred seventy days of his arrest as provided for in R.C. 2945.71.

On July 10, 1980, the appellant withdrew his not guilty pleas and entered pleas of no contest. Thompson was found guilty and referred to the probation department for a presentence report.

Appellant jumped bond again on November 3, 1980. Capiases were issued, and Thompson was returned to Cuyahoga County in December 1982. On December 13, 1982, appellant was sentenced to a term of two to five years for breaking and entering, and a term of six months for petty theft.

On January 12, 1984, Thompson was granted leave by this court to file a delayed appeal. Thompson's appeal raises two assignments of error.

## II

"Assignment of Error No. I: When the state of Ohio receives a request from a defendant who is incarcerated in another state for final disposition of all charges outstanding in the state of Ohio, the state of Ohio must hold a trial within 180 days of receipt of the request or dismiss the case."

Appellant contends that the Interstate Agreement on Detainers (R.C. 2963.30), is controlling in this case. As such, the state was compelled to bring Thompson to trial within one hundred eighty days from the date the county prosecutor received his request for final disposition of all charges outstanding in Ohio. Having failed to do so, appellant argues, the trial court was required by statute to dismiss all the charges

---

[1] R.C. 2963.30, Article III(a), states in pertinent part:

"* * * he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting of-

ficer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition * * *."

outstanding against him. There is no dispute that if the Interstate Agreement on Detainers applies in this case, then the charges should be dismissed. Rather, the dispute is whether the Interstate Agreement on Detainers is applicable in the instant case.

The appellee successfully argued, and the trial court held, that the Interstate Agreement on Detainers only applies to individuals while they are serving a prison term. Once they are released from prison, they lose any benefits which have not already accrued under the statute. In the instant case, this meant that Thompson lost his right to have the charges dismissed for failure to commence trial within one hundred eighty days because he was released from prison prior to the running of that time period. Once released, the trial court held his rights regarding a speedy trial became the same as any other individual, *i.e.,* the right to a trial within two hundred seventy days after his arrest. R.C. 2945.71(C).

So far as we can determine this is a case of first impression in Ohio. As such, our review of whether the trial court's interpretation of the statute is correct, is necessarily limited to an examination of the statute's purpose, its plain language, and relevant case law from other states.

The statute's purpose is set forth in Article I of R.C. 2963.30. Article I provides in pertinent part:

"The party states find that *charges outstanding against a prisoner,* detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions, *produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges* and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." (Emphasis added.)

It seems clear from this passage that the party states were concerned with obstructions to programs of prisoner treatment and rehabilitation. Thus, the trial court's interpretation of the statute is consistent with the statute's expressed purpose. Once a prisoner is released from prison and is not participating in any treatment and rehabilitation program, as in the instant case, there would be no need or reason to afford him any greater protections than an individual who had never been in jail. These are not the persons targeted by the statute to receive its additional benefits.

Further, a review of the statute's plain language reveals that the party states contemplated that the individual would be serving his prison term before and after this statute was utilized. Article III(a) of R.C. 2963.30 expressly provides that the person must enter a "term of imprisonment" and "whenever during the continuance of the term of imprisonment there is pending in any other party state an untried indictment * * *" he can implement the statute and obtain a trial in that state within one hundred eighty days.

There are also several instances where the statute's plain language contemplates the return of the prisoner to the sending state. The following are examples of such language:

"If trial is not had * * * *prior to the return of the prisoner to the original place of imprisonment* * * *." Article III(d).

"At the earliest practicable time consonant with the purpose of this agreement, the prisoner *shall be returned to the sending state.*" (Emphasis added.) Article V(e);

"* * * [U]*ntil such prisoner is returned to the territory and custody of the sending state,* the state in which the one or more untried indictments * * *

are pending * * * shall be responsible for the prisoner * * *." (Emphasis added.) Article V(h).

Other indications that the party states intended to limit the agreement to individuals who remain in prison even after the out of state charges are resolved include:

"* * * [T]he prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state * * *." Article V(g); and

"Escape from custody by the prisoner subsequent to his execution of the request for final disposition * * * shall void the request." Article III(f).

It is clear from the language quoted that the party states did not intend to include discharged prisoners within the statutory scheme. The statute provides solely for the delivery of a prisoner to a receiving state; the time in which the prisoner must stand trial; and the procedure in which the receiving state is to return the prisoner to the sending state so that he can complete the prison term. Therefore, the plain language of the statute indicates that trial court's interpretation of the statute is proper.

Finally, a review of case law from other jurisdictions supports the proposition that the individual must continue to serve a prison term for the statute to be applicable. It has been established that the statute is inapplicable to pretrial detainees. See *Seymour v. State* (1973), 21 Ariz. App. 12, 515 P. 2d 39; *People v. Castoe* (1978), 86 Cal. App. 3d 484, 150 Cal. Rptr. 237; *People v. Daily* (1977), 46 Ill. App. 3d 195, 360 N.E. 2d 1131; and *Pallet v. State* (1978), 269 Ind. 396, 381 N.E. 2d 452. Furthermore in *People v. Butcher* (1973), 46 Mich. App. 40, 207 N.W. 2d 430, the court held that the detainer statute was inapplicable where the detainer was lodged against a person who had been convicted and sentenced, but who had not been imprisoned to serve sentence. In a similar case, *State v. Cox* (1973), 12 Ore. App. 215, 505 P. 2d 360, the court held that the statute was inapplicable to a person who had been convicted but not sentenced. While none of these cases specifically deals with an individual who was convicted, served his sentence, and released, they do support the position that the individual must be serving a prison term for the statute to be applicable.

Our research has disclosed one case, *State v. Thomas* (Iowa 1979), 275 N.W. 2d 211, which discusses the effect discharge from prison has on the right to a speedy trial provided for under the Interstate Agreement on Detainers statute. In *Thomas,* the court stated that the speedy trial provision under Article IV of the statute was not applicable where the prosecutor chose not to act under the statute and instead brought the defendant to Iowa subsequent to his term of imprisonment. *Id.* at 214. While this statement was not critical to the disposition of *Thomas,* it clearly supports the conclusion put forth by the trial court.

Although Thompson was not entitled to a trial within one hundred eighty days of his request for disposition of the charges, he was entitled to a speedy trial under R.C. 2945.71. A review of the record reveals that Thompson was tried within the time provided in R.C. 2945.71.

Accordingly, we hold that under the Interstate Agreement on Detainers (R.C. 2963.30) a defendant who is imprisoned in a sister state and has an indictment pending in Ohio, may make a request to appropriate Ohio authorities to be tried within one hundred eighty days. However, when such defendant is discharged from custody in the sister state prior to the expiration of one hundred eighty days, he loses the right to be tried by Ohio within one hundred eighty days. After being discharged his right to a speedy trial on the charges pending in Ohio is governed by R.C. 2945.71.

Therefore, appellant's first assignment of error is without merit.

## III

"Assignment of Error No. II: Continuances under the Interstate Agreement On Detainers must be in open court, for good cause shown with the defendant or his counsel present."

Having determined that R.C. 2963.30 is not applicable in the instant case, it is clear the second assignment of error is without merit and is therefore overruled.

## IV

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., and PATTON, J., concur.