[Cite as *State v. Coon*, 2012-Ohio-1057.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97280 and 97281**

---

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# ROBIN COON

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-454645 and CR-454520

**BEFORE:** Cooney, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} In this consolidated appeal, plaintiff-appellant, the state of Ohio ("the State"), appeals that trial court's dismissal of its indictments against defendant-appellee, Robin Coon ("Coon"). We find no merit to the appeal and affirm.

{¶2} In 2004, Coon was indicted in two cases, CR-454520 and CR-454645. In CR-454520, Coon was charged with felonious assault with a police officer specification, and failure to comply with order of a police officer. The charges arose from a high-speed chase after Coon allegedly robbed a bank in Willoughby Hills. In CR-454645, Coon was charged with robbing a woman at a Red Roof Inn located in Independence.

{¶3} Coon was indicted on federal charges for the bank robbery. He pled guilty, and the federal court sentenced him to 72 months in federal prison. While Coon's federal prosecution was pending, the State indicted him in CR-454520 and CR-454645. On July 13, 2005, the State sent a detainer on both cases to the Big Sandy federal prison where Coon was incarcerated. However, the prosecutor took no further action, and Coon was not returned to Cuyahoga County for prosecution.

{¶4} In July 2009, Coon filed a pro se motion to dismiss the indictments, claiming the State violated his rights under the Interstate Agreement on Detainers ("IAD") as codified in R.C. 2963.30. In February 2010, Coon, through counsel, filed a

second motion to dismiss, again arguing that his rights under the IAD were violated. Coon's second motion to dismiss contained several exhibits, including Coon's handwritten request addressed to the Cuyahoga County Prosecutor for a speedy trial dated June 2006. There is no stamp from the clerk of courts indicating if, or when, the Cuyahoga County Clerk of Courts received the motion. There is also no evidence that the prosecutor's office received the request. However, the parties have stipulated that on December 22, 2008, Coon completed another request for disposition of his charges through the IAD administrator at the federal correctional institution. Coon also filed an IAD request for disposition of an unrelated charge with the state of New York.

{¶5} On January 28, 2009, New York assumed temporary custody of Coon to address his New York charges. On April 8, 2009, the Cuyahoga County Prosecutor sent a certification requesting temporary custody of Coon for a scheduled trial date of May 8, 2009. However, the Cuyahoga County prosecutor's office took no further action with respect to its request, and Coon was not returned to Cuyahoga County.

{¶6} On June 11, 2009, federal authorities advised the Cuyahoga County prosecutor that Coon had completed his federal sentence and was currently at the Erie County Holding Center in Buffalo, New York. On July 9, 2009, Coon was convicted of his New York charges and began serving a five-year prison sentence in New York.

{¶7} On January 5, 2010, the State filed a request for custody of Coon with New York authorities. Coon's trial counsel filed a new motion to dismiss Coon's charges,

arguing that the State had violated his speedy trial rights under the IAD. The court granted the motion to dismiss and dismissed both CR-454520 and CR-454645 with prejudice. In its ruling, the court noted that Coon "complied with the requirements of R.C. 2963.30" and that the State "failed to bring these cases to trial within the 180 day time limit."

{¶8} The State now appeals and raises three assignments of error.

Standard of Review

{¶9} A prosecuting attorney has the right to appeal from any decision of a trial court in a criminal case where the trial court dismisses all or any part of a complaint. R.C. 2945.67. When assessing whether a trial court erred by dismissing a criminal charge, an appellate court considers whether the trial court abused its discretion. *State v. Busch*, 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). The term "abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude. *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359, 423 N.E.2d 1025 (1981).

### The IAD 180 Days

{¶10} In its first assignment of error, the State argues the trial court abused its discretion in granting Coon's motion to dismiss because Coon forfeited his right to be tried within 180 days of making an IAD demand when he transferred from federal custody to New York custody on June 11, 2009. In the third assignment of error, the State contends that Coon's motion to dismiss the indictment tolled the 180-day detainer clock as did his unavailability. We address these two assignments of error together because they are closely related.

{¶11} Under Article IV of the IAD, codified in R.C. 2963.30, the 180-day time period is tolled "for as long as the prisoner is unable to stand trial." A prisoner is unable to stand trial when he is "standing trial in another state" or when he is "serving as a witness" in another state. *State v. Ferguson*, 41 Ohio App.3d 306, 312, 535 N.E.2d 708 (10th Dist.1987).

{¶12} The IAD contains certain mandatory time constraints, which operate independently of Ohio's statutory speedy trial provisions. "R.C. 2941.401 is merely a [speedy trial] state statute, which Ohio courts have the ultimate authority to interpret. Because the IAD is a congressionally sanctioned interstate compact under the Compact Clause of Section 10, Article I, of the United States Constitution, its interpretation presents a question of federal law." *State v. Wells*, 110 Ohio App.3d 275, 281, 673

N.E.2d 1008 (10th Dist.1996), citing *Cuyler v. Adams*, 449 U.S. 433 at 438-442, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981).

{¶13} The State claims Coon lost protection of the IAD when he was temporarily transferred to New York from federal custody.  In support of its arguments, the State relies on *State v. Thompson*, 19 Ohio App.3d 261, 483 N.E.2d 1207 (8th Dist.1984), which expressly held that a defendant loses the protection under the IAD when he is released from prison prior to the expiration of the 180-day period.  *Id*. at 263.  However, *Thompson* is distinguishable from the instant case because not only was Thompson released from prison before the 180-day time period expired, but he was not in the custody of any other jurisdiction.  He was not transferred from the custody of one jurisdiction to another, as Coon was in this case.  Coon was never released from prison, unlike Thompson.

{¶14} In *United States v. Roy*, 771 F.2d 54 (2d Cir.1985), the court held that the 180-day detainer clock did not toll where the defendant was awaiting trial on pending charges because he was also concurrently serving a sentence for a conviction.  *Id*. at 57–58.  Both the *Thompson* court and the *Roy* court based their conclusions on the express purpose of the IAD.  *Thompson* at 263; *Roy* at 57-58.  Article I of R.C. 2963.30, which expresses the Act's purpose, provides in pertinent part:

The party states find that charges outstanding against a prisoner, detainers

based on untried indictments, informations or complaints, and difficulties in

securing speedy trials of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.

{¶15} Both the *Thompson* court and the *Roy* court noted that the party states were concerned with obstruction to programs of prisoner treatment and rehabilitation. *Thompson* at 263; *Roy* at 57, citing *United States v. Ford*, 550 F.2d 732, 737 (2d Cir.1977). The *Thompson* court found that the defendant lost his rights under the IAD because he was released from prison before the 180 days expired. "Once a prisoner is released from prison and is not participating in any treatment and rehabilitation program * * * there would be no need or reason to afford him any greater protections than an individual who had never been in jail." *Thompson* at 263.

{¶16} In *Roy*, however, the court found that the defendant retained his rights under the IAD because he was still imprisoned while additional charges were pending against him. The *Roy* court explained:

The cases holding that a pretrial detainee is not "serving a term of imprisonment" within the meaning of the Agreement have reasoned that such detainee lacks a sufficient interest in the rehabilitation programs of the

confining jurisdiction to justify invocation of the Agreement. * * * At the time the detainer was lodged against Roy, however, he was serving a sentence imposed on a Connecticut conviction. The fact that additional Connecticut charges were pending against him did not diminish his interests in his rehabilitation and in avoiding the adverse consequences on the conditions of his confinement by the filing of a detainer. *Roy* at 58.

**{¶17}** Further, this court has held that the IAD must be "liberally construed so as to effectuate its purposes." *State v. Butler,* 8th Dist. No. 87658, 2006-Ohio-5919, ¶ 8.

**{¶18}** In the instant case, Coon was still serving his federal sentence when New York assumed temporary custody. By the time Coon completed his federal prison sentence, he had already begun serving his New York sentence. The prison terms overlapped, and Coon was never free from government custody. Thus, the 180-day detainer clock continued to run the entire time he was in federal and New York custody.

**{¶19}** According to the parties' stipulated facts, Coon completed his request for the disposition of his Cuyahoga County charges on December 22, 2008 through the IAD administrator at the Federal Correctional Institution in Otisville, New York. On January 28, 2009, New York assumed temporary custody of Coon to resolve a robbery charge in New York. Coon resolved the New York charges on July 9, 2009. The parties have stipulated that federal authorities notified the Cuyahoga County Prosecutor that Coon had satisfied his federal sentence and was in a New York prison on July 9, 2009. Coon

concedes that the speedy trial clock tolled for a total of 163 days between January 28, 2009 and July 9, 2009, while he was standing trial in New York. The IAD clock began ticking again on July 10, 2009, when the New York charges were resolved, and expired on November 28, 2009. The State failed to actively pursue custody of Coon until January 5, 2010, after the 180-day time period had expired.

{¶20} Finally, the State argues that Coon's motion to dismiss indefinitely tolled the 180-day detainer clock. IAD speedy-trial time tolls in the same manner as time tolls under the Federal Speedy Trial Act, 18 U.S.C. 3161; *United States v. Collins*, 90 F.3d 1420, 1426–1427 (9th Cir.1996); *United States v. Cephas*, 937 F.2d 816, 819 (2d Cir.1991), *cert. denied*, 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); *United States v. Odom*, 674 F.2d 228, 231 (4th Cir.1982), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2946, 73 L.Ed.2d 1341 (1982); *United States v. Robinson*, 290 F.Supp.2d 808, 817 (E.D.Mich.2003), *aff'd,* 455 F.3d 602 (6th Cir.2006). Like the IAD, speedy trial statutes are to be strictly construed against the State. *State v. Miller*, 113 Ohio App.3d 606, 681 N.E.2d 970 (11th Dist.1996).

{¶21} Generally, a motion to dismiss by a defendant tolls the time within which an accused must be brought to trial under the Speedy Trial Act. R.C. 2945.72(E). However, the Ohio Supreme Court has held that a trial court does not have "unbridled discretion concerning the amount of time it takes to rule on a defense motion. * * * A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound

exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *State v. Martin*, 56 Ohio St.2d 289, 297, 384 N.E.2d 239 (1978). Stated otherwise, "the extension of time to rule on a defendant's motion * * * is subject to a requirement of reasonableness." *State v. Arrizola*, 79 Ohio App.3d 72, 76, 606 N.E.2d 1020 (3d Dist.1992). In *Arrizola*, the trial court took over seven months to rule on a motion to suppress. The appellate court found the delay was unreasonable and that the speedy trial period had expired. *Arrizola* at 75-76.

**{¶22}** Coon filed his first motion to dismiss, pro se, on July 13, 2009. When he received no response, he sent a letter to the prosecutor and the common pleas court requesting a response on August 31, 2009. Coon again received no response. On December 1, 2009, Coon sent the prosecutor another letter, which included additional copies of his IAD requests. Coon also sent letters to the court's administrative judge who appointed a public defender to represent Coon.

**{¶23}** Coon's appointed counsel filed a second motion to dismiss on February 3, 2010. The State finally responded to Coon's motions to dismiss on April 30, 2010, over nine months after Coon filed his first motion pro se. Thus, the record reflects that both the State and the court ignored Coon's pro se motion to dismiss filed July 13, 2009, which the State claims tolled the 180-day clock.

**{¶24}** Under these circumstances, it is unfair and unreasonable to charge Coon with the lengthy delay in ruling on his motion because he made every effort to obtain a

response. Accordingly, we find the 180-day time period, which began on December 22, 2008 and tolled for 163 days while Coon was standing trial in New York, expired on November 28, 2009.

{¶25} The first and third assignments of error are overruled.

Waiver

{¶26} In its second assignment of error, the State argues that Coon waived his IAD rights by "reneging" on his waiver of extradition. The State contends that Coon refused to be returned to Ohio for disposition of the charges against him, and that his refusal to return to Ohio constitutes a waiver of his rights under the IAD. We disagree.

{¶27} On December 23, 2008, pursuant to the IAD, Coon consented to "the production of [his] body in any court where [his] presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act." In April 2009, the Cuyahoga County Prosecutor completed a certification form but failed to pursue temporary custody of Coon, and Coon was not returned to Cuyahoga County. As previously stated, Coon made several attempts over a period of several months to resolve his Cuyahoga County charges, but the State ignored his requests. On January 5, 2010, the State finally requested temporary custody of Coon from New York. By this time, Coon was receiving medical treatment and wished to remain in New York to complete his treatment.

{¶28} The State claims Coon's refusal to return to Ohio waived his rights under the IAD. However, the record reflects that the 180-day time period within which the State should have obtained custody of Coon for trial had already expired by the time the State requested custody. In response to the State's request for custody, Coon completed an "Agreement on Detainer" dated December 15, 2009, which is a boilerplate form that provides two boxes indicating an intention to waive rights under the IAD. One option Coon could have marked stated: "I do not wish to pursue my right under the Agreement on Detainers at this time." The other option indicated: "I do not wish to pursue my right under the Agreement on Detainers." Coon did not mark either box, but added his own notation, in which he stated:

> I have already filed a I.A.D. on Dec. 22nd 2008 (see exhibit A) and was scheduled for trial on May 8th 2009 (see exhibit B). Cayahoga [sic] Co. failed to proceed according to the I.A.D. (180 days have passed). The indictments should be dismissed.

The record reflects that Coon intended to preserve his rights under the IAD. Coon, through counsel, also requested that his motion to dismiss be resolved while he remained in New York for health reasons, and the prosecutor made no objection. There is nothing in the record demonstrating that Coon ever waived his rights under the IAD.

{¶29} Therefore, the second assignment of error is overruled.

{¶30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.     A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR