## IN THE COURT OF APPEALS OF IOWA

No. 24-0313
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRANKLIN GENE REISING JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer
(FECR109513 motion for disposition), Tod Deck (FECR110231 motion to dismiss),
& Jeffrey A. Neary (guilty plea and sentencing), Judges.


        A defendant appeals his convictions following conditional guilty pleas
contending his charges should have been dismissed for failing to meet the speedy-
trial requirements of Iowa's Interstate Agreement on Detainers Act. **AFFIRMED.**


        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for
appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and
Buller, JJ.

**AHLERS, Presiding Judge.**

The Interstate Agreement on Detainers Act (IADA) is a statute designed to create uniform procedures for efficiently disposing of untried criminal charges against a prisoner in one jurisdiction when the prisoner is being held in a different jurisdiction. *State v. Johnson*, 770 N.W.2d 814, 820 (Iowa 2009). The IADA applies in those jurisdictions that have agreed to be parties to the IADA. The federal government, the District of Columbia, and forty-eight states are parties to the IADA. *Id.* Iowa is one of those states, and its IADA is codified in Iowa Code chapter 821 (2022). Iowa Code § 821.1.

In general terms, the IADA provides a procedure for a prisoner incarcerated in one jurisdiction who has charges pending in another jurisdiction to request to be tried on the pending charges before being released from incarceration in the first jurisdiction. The IADA applies when the institution in which the prisoner is serving a sentence receives notice that the prisoner is wanted to face pending criminal charges in another jurisdiction. *See State v. Wood*, 241 N.W.2d 8, 12 (Iowa 1976). This notice to the institution is the "detainer" referred to in the IADA. *Id.* Once the institution receives the detainer, the institution notifies the prisoner of the detainer and the right to request disposition in the other jurisdiction. *Johnson*, 770 N.W.2d at 821. If the prisoner desires to request disposition in the other jurisdiction, the prisoner notifies the warden (or other official having custody of the prisoner) by filling out appropriate forms and providing them to the warden. *Id.* The warden then prepares a certificate of inmate status and sends the certificate, along with the prisoner's request for disposition, to the prosecutor and appropriate court in the jurisdiction where the untried charges are pending "by registered or certified

mail, return receipt requested." Iowa Code § 821.1(3)(b); *Johnson*, 770 N.W.2d at 821. Once the request and certificate are delivered to the prosecutor and court in the jurisdiction where the untried charges are pending, the prisoner must be brought to trial in that jurisdiction within 180 days. Iowa Code § 821.1(3)(a).

With that background in mind, we turn to the events that lead to the IADA being an issue here. Separate crime sprees in Iowa on July 4, 2020, and September 6, 2020, resulted in the county attorney filing criminal complaints against Franklin Reising Jr. in two cases. The first case (FECR109513) related to the events of July 4 and was initiated by a complaint charging Reising with seventeen crimes. The second case (FECR110231) related to the events of September 6 and was initiated by a complaint charging Reising with nine crimes. Warrants for Reising's arrest were issued in both cases.

Before the warrants could be executed, Reising was arrested and imprisoned in Arizona. Arizona is also a party to the IADA. Ariz. Rev. Stat. Ann. § 31-481 (2022); *Johnson*, 770 N.W.2d at 820 n.12. While still incarcerated in Arizona, Reising filed requests (styled as motions) in both Iowa cases seeking final disposition of the charges under the IADA. In the first case, the district court treated Reising's notice as a motion and denied it before the State had time to respond. In the second case, no action was taken on Reising's first filing. He filed a second one a little less than six months later. In response to that filing, the court appointed counsel for Reising. A little less than a month later, Reising's counsel filed a motion to dismiss the charges, claiming Reising had triggered application of the IADA with his first filing, and since more than 180 days had passed since that filing without him being brought to trial, the charges had to be dismissed. At the

hearing on the motion, the court expressed doubt whether Reising had properly caused the 180-day period to start running for a number of reasons, but it wanted to address the State's argument that Reising had not properly notified the State of his attempt to trigger the IADA's 180-day requirement before addressing any others. The court issued an order stating that the record at the time of the hearing did not show that Reising provided proper notice to the State and his motion would be denied unless Reising could produce proof of proper notice. The order gave Reising ten days to provide such proof. When no such proof was submitted, the court denied Reising's motion to dismiss.

Reising eventually reached a plea agreement with the State. Pursuant to the agreement, Reising entered conditional guilty pleas to various crimes in both cases. The guilty pleas were conditioned on Reising reserving his right to appeal the court's ruling on pretrial motions to be specified at the plea hearing. *See* Iowa R. Crim. P. 2.8(2)(b)(9) ("With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.").[1] At the plea hearing, Reising identified the court's orders denying his motions related to the IADA as rulings that Reising reserved the right to challenge on appeal. The court accepted those conditions and Reising's pleas and sentenced Reising accordingly. Reising now appeals, challenging the rulings on his IADA motions. Because Reising raises the same issues he reserved in his

---

[1] As no party has raised it as an issue, we express no opinion on whether a written guilty plea that does not actually identify the pretrial-motion rulings being reserved but instead states the rulings will be identified during a later plea colloquy satisfies the rule's "in writing" requirement.

conditional guilty pleas and we find adjudication of those issues to be in the interest of justice, we have jurisdiction of his appeal. *See* Iowa Code § 814.6(3).

As to the first case, Reising contends the district court erred in not dismissing the charges because he was not brought to trial within 180 days of notifying the State and the court that he was invoking the IADA by requesting final disposition of the pending charges. The State contends Reising failed to preserve error because Reising never moved to dismiss the charges. We agree with the State. Reising claims his request for final disposition satisfied the notice requirements of the IADA. Though the court issued an order "denying" the motion, there was really nothing to deny, as Reising's filing did not ask for any relief other than to set a hearing for final disposition of the case. Even if this filing satisfied Reising's IADA-notice requirements, the State still had 180 days to bring him to trial. Since the 180 days had not passed when he filed his motion, to the extent Reising contends his request for final disposition was a motion to dismiss, it was premature. Reising needed to wait until the 180-day period expired and then file a motion to dismiss. He never filed such a motion, so he has not preserved error in the first case. *See State v. Brimmer*, 983 N.W.2d 247, 259 (Iowa 2022) (requiring a claimed error to be both raised to and ruled upon by the district court to preserve error). So, we deny Reising's challenge in the first case.[2]

As to the second case, like in the first case, Reising contends the district court erred in not dismissing the charges because he was not brought to trial within

---

[2] We express no opinion on whether we have jurisdiction over the unpreserved portion of Reising's challenge under the "interests of justice" standard in section 814.6(3).

180 days of notifying the State and the court that he was invoking the IADA. Unlike the first case, Reising followed up his initial filing with a motion to dismiss after 180 days had passed, so he has preserved error to his challenge. Our review is for correction of errors at law. *Johnson*, 770 N.W.2d at 819.

For Reising to prevail, he must establish that he triggered the 180-day period provided for by article III of the IADA (i.e., section 821.1(3)). Doing so requires the record to show that: (1) he was imprisoned in a jurisdiction that is a party to the IADA; (2) a detainer was filed against him for outstanding charges in Iowa; (3) he gave written notice to the prosecutor and the court in Iowa of his request for final disposition along with a certificate from the Arizona warden (or other official having custody of him) stating the term of commitment in Arizona, the amount of good time earned, the time of parole eligibility, and any decisions of Arizona's parole agency; and (4) cause the warden to send his request and the warden's certificate by registered or certified mail, return receipt requested. *See* Iowa Code § 821.1(3)(a)–(b). Reising is not entitled to dismissal unless the record establishes those requirements were met. *See State v. Thomas*, 275 N.W.2d 211, 214 (Iowa 1979) (holding dismissal was not warranted because the record did not show "the certificate of the incarcerating officials was ever sent to the prosecutor").

The State contends Reising failed to meet the last three requirements because (1) the record does not show that Iowa filed a detainer against him; (2) Reising failed to obtain and send the required certificate; and (3) Reising did not have the Arizona warden send his request by registered or certified mail, return receipt requested. Although the district court relied only on the third reason, the State raised all three reasons before the district court, so we can affirm for any of

the reasons. *See Jones v. State*, 938 N.W.2d 1, 2 (Iowa 2020) (permitting the appellate court to affirm on any ground argued in the district court and urged on appeal).

The parties dispute whether Iowa filed a detainer against Reising. But we need not resolve that issue because the other two reasons urged by the State are dispositive.

Iowa Code section 821.1(3)(a) required Reising's request for a final disposition to be "accompanied by a certificate of the appropriate official having custody of the prisoner" that included various items of information about his incarceration status. While Reising's filed request included a printout with various data about Reising's incarceration in Arizona, there is nothing in the record establishing that any Arizona prison official certified the printout, let alone "the appropriate official having custody of" Reising. As the State aptly points out, without certification from the applicable Arizona prison official, the State would not have any way of knowing whether the information provided was accurate, depriving the State of information needed to make an informed decision about how to pursue Reising's criminal charges. *See State v. Bass*, 320 N.W.2d 824, 828 (Iowa 1982) ("The certificate serves to fully inform the requesting state officials of the prisoner's status, thus allowing the State's Attorney to make a rational decision regarding the disposition of the case." (quoting *People v. Daily*, 360 N.E.2d 1131, 1138 (Ill. App. Ct. 1977))). With nothing in the record establishing the appropriate official having custody of Reising certified the documents and without the documents providing all the information required by section 821.1(3)(a), Reising's request did not trigger the 180-day period under article III of the IADA.

In addition to the shortcomings in the substance of the documents Reising provided in support of his request for final disposition, he also fell short on the delivery. Section 821.3(a)(b) requires the warden (or other official having custody of Reising)—not Reising—to send Reising's request for final disposition and the official's certificate to the Iowa prosecutor and court "by registered or certified mail, return receipt requested." Even if we ignore the fact that Reising, and not the warden or other prison official, sent the documents, the record is void of any proof that the documents were sent by registered or certified mail, return receipt requested. *See McNulty v. State*, No. 05-02-00635-CR, 2003 WL 575212, at \*1–2 (Tx. App. Feb. 28, 2003) ("The IADA provides that the defendant can satisfy the requirement for 'sending' the written notice and request for final disposition under Article III by giving it to the official having custody of him, who must then forward it to the appropriate prosecuting official and court via registered or certified mail. Of course, the defendant may send the request to the court and prosecutor of the other jurisdiction himself, but if he does so, he is responsible for seeing that the notice is sent in the form required by the IADA." (internal citations omitted)). Layered on top of that shortcoming is the fact that the record shows the State didn't receive the documents—a problem that would presumably not have surfaced if Reising had ensured the documents were mailed by registered or certified mail, return receipt requested, as the statute requires. Reising's failure to properly send the required documents resulted in a failure to trigger the 180-day deadline of article III of the IADA. The district court was correct in denying Reising's motion to dismiss.

Because Reising failed to preserve error on his challenge to his convictions in the first case and he failed to meet the statutory requirements for triggering the 180-day deadline in the second case, we affirm Reising's convictions in both cases.

**AFFIRMED.**